No. _____

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

### IN RE COREY JOHNSON,

### Movant.

---

## CAPITAL CASE

## MOTION FOR AUTHORIZATION TO FILE A SUCCESSIVE MOTION
## PURSUANT TO 28 U.S.C. §§ 2255(h)(2)

---

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Skadden Arps Slate Meagher & Flom, LLP
1140 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

PROCEDURAL HISTORY.....................................................................................2

      A.     CONVICTIONS AND SENTENCING. ........................................................2

      B.     DIRECT APPEAL.......................................................................................4

      C.     INITIAL § 2255 MOTION. ........................................................................4

      D.     PRIOR APPLICATIONS FOR AUTHORIZATION. .........................................5

ARGUMENT ..........................................................................................................6

      I.     MR. JOHNSON'S MOTION MEETS THE REQUIREMENTS OF § 2255. .........7

      A.     MR. JOHNSON'S MOTION IS TIMELY........................................................9

      B.     *DAVIS* ANNOUNCED A NEW RULE. ........................................................9

      C.     *DAVIS*'S RULE IS CONSTITUTIONAL IN NATURE. ..................................11

      D.     THE SUPREME COURT MADE *DAVIS* RETROACTIVE TO CASES ON COLLATERAL REVIEW. .........................................................................11

      E.     *DAVIS*'S NEW RULE WAS PREVIOUSLY UNAVAILABLE TO MR. JOHNSON. .............................................................................................13

CONCLUSION.....................................................................................................14

CERTIFICATE OF COMPLIANCE....................................................................15

CERTIFICATE OF SERVICE .............................................................................16

APPENDIX 1

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *United States v. Davis*, __U.S.__, 139 S. Ct. 2319 (2019)........................................ 1a

APPENDIX 2

Verdict, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Feb. 3, 1993)......................................................................... 38a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 15 (E.D. Va. Feb. 1, 1993)......................................................................... 44a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 16 (E.D. Va. Feb. 2, 1993)....................................................................... 134a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 17 (E.D. Va. Feb. 3, 1993)....................................................................... 204a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 18 (E.D. Va. Feb. 3, 1993)....................................................................... 232a

*United States v. Roane,* No. 3:92CR68-02, Trial Tr. vol. 22 (E.D. Va. Feb. 12, 1993)..................................................................... 300a

Second Superseding Indictment, *United States v. Roane,* No. 3:92CR68-02 (E.D. Va. July 2, 1992)........................................................................ 364a

Special Findings, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Feb. 16, 1993)..................................................................... 386a

Decision Forms, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Feb. 15, 1993)..................................................................... 400a

APPENDIX 3A

Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 Pursuant to *Sessions v. Dimaya,* __U.S.__, 138 S. Ct. 1204 (2018), *In re Johnson,* No. 19-1 (4th. Cir. Apr. 16, 2019).........................412a

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Sessions v. Dimaya,* __U.S.__, 138 S. Ct. 1204 (2018), *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Apr. 16, 2019) ..............................446a

United States' Response to Application to File Successive § 2255, *In re Johnson,* No. 19-1 (4th. Cir. Apr. 24, 2019) ..............................................465a

Motion for Leave to File Reply to United States' Response to Motion for Authorization Pursuant to 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A), *In re Johnson,* No. 19-1 (4th. Cir. May 2, 2019)......................................483a

Reply to United States' Response to Motion for Authorization Pursuant to 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A), *In re Johnson,* No. 19-1 (4th. Cir. May 2, 2019) ..........................................................................487a

Order Denying Motion Under 28 U.S.C. § 2244 for an Order Authorizing the District Court to Consider a Second or Successive Application for Relief under 28 U.S.C. § 2255, *In re Johnson,* No. 19-1 (4th. Cir. May 14, 2019) ...............................................................................................501a

APPENDIX 3B

Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015), *In re Johnson,* No. 16-13 (4th. Cir. June 17, 2016)...................................502a

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015), *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. June 17, 2016) ...............................................522a

United States' Response to Application for Successive § 2255, *In re Johnson,* No. 16-13 (4th. Cir. June 21, 2016) ............................................554a

Order Denying Motion Under 28 U.S.C. § 2244 for an Order Authorizing the District Court to Consider a Second or Successive Application for Relief under 28 U.S.C. § 2255, *In re Johnson,* No. 16-4 (4th. Cir. June 22, 2016) ......................................................................................575a

## APPENDIX 3C

Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015), *In re Johnson,* No. 16-4 (4th Cir. May 19, 2016)......................................576a

Motion to Vacate Conviction Under 28 U.S.C. § 2255 Pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015), *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. May 19, 2016) ............................................593a

United States' Response to Application for Successive § 2255, *In re Johnson,* No. 16-4 (4th. Cir. June 1, 2016) .................................................623a

Order Denying Motion Under 28 U.S.C. § 2244 for an Order Authorizing the District Court to Consider a Second or Successive Application for Relief under 28 U.S.C. § 2255, *In re Johnson,* No. 16-4 (4th. Cir. June 6, 2016) ........................................................................................669a

## APPENDIX 3D

Motion to Vacate Conviction Under 28 U.S.C. § 2255, *United States v. Cory Johnson,* No. 3:92CR68-02 (E.D. Va. June 1, 1998) ................................670a

Memorandum in Support of Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 (E.D. Va. June 15, 1998) ................683a

First Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Cory Johnson,* No. 3:92CR68-02 (E.D. Va. Sept. 23, 1998) ...................................................................................................981a

Motion for Leave to Amend and Second Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Mar. 15, 1999) .....................................................998a

Petitioner Johnson's Third Amendment to Initial Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255 and to Memorandum in Support of Petition, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Oct. 1, 1999)...............................................................................1005a

Order Dismissing Motion to Vacate Conviction Under 28 U.S.C. § 2255, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. May 1, 2003)....1016a

APPENDIX 4

Presentence Investigation Report, *United States v. Johnson,* No. 3:92CR68-02 (E.D. Va. Apr. 23, 1993)...........................................1141a

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Chaidez v. United States*,
    568 U.S. 342 (2013)....................................................................................9

*In re Hammoud*,
    931 F.3d 1032 (11th Cir. 2019) ................................................................13

*In re Hubbard*,
    825 F.3d 225 (4th Cir. 2016) .....................................................................8

*Johnson v. United States*,
    135 S. Ct. 2551 (2015)...............................................................................5

*Lambrix v. Singletary*,
    520 U.S. 518 (1997)..................................................................................10

*Miller v. United States*,
    735 F.3d 141 (4th Cir. 2013) ....................................................................12

*In re Mullins*,
    942 F.3d 975 (10th Cir. 2019) ..................................................................13

*Roane v. United States*,
    520 U.S. 1253 (1997)..................................................................................4

*San-Miguel v. Dove*,
    291 F.3d 257 (4th Cir. 2002) ....................................................................11

*Schriro v. Summerlin*,
    542 U.S. 348 (2004)...................................................................................12

*Sessions v. Dimaya*,
    138 S. Ct. 1204 (2018)................................................................................5

vi

*Shepard v. United States*,
        544 U.S. 13 (2005)..................................................................................................6

*Smith v. United States*,
        508 U.S. 223 (1993).............................................................................................10

*Teague v. Lane*,
        489 U.S. 288 (1989)...............................................................................................9

*Tyler v. Cain*,
        533 U.S. 656 (2001).............................................................................................11

*United States v. Davis*,
        139 S. Ct. 2319 (2019).......................................................1, 2, 6, 8, 9, 10, 11

*United States v. Dixon*,
        789 F. App'x 371 (4th Cir. 2020)...............................................................12

*United States v. Littlejohn*,
        No. 19-4344, 2020 WL 639642 4th Cir. Feb. 11, 2020) ..............................11

*United States v. MacDonald*,
        641 F.3d 596 (4th Cir. 2011) ......................................................................8

*United States v. Mathis*,
        932 F.3d 242 (4th Cir. 2019), *cert. denied*,
        *Uhuru v. United States*, 140 S. Ct. 639 (2019)..............................................12

*United States v. Reece*,
        938 F.3d 630 (5th Cir. 2019) .........................................................10, 12, 13

*United States v. Roane*,
        378 F.3d 382 (4th Cir. 2004) ......................................................................4

*United States v. Simms*,
        914 F.3d 229 (4th Cir.) ..............................................................................6

Order, *United States v. Taylor*,
    No. 19-7616 (Feb. 12, 2020 4th Cir.) .............................................................7

*United States v. Tipton*,
    90 F.3d 861 (4th Cir. 1996) ..........................................................................4

*Welch v. United States*,
    136 S. Ct. 1257 (2016).............................................................................11, 12

*In re Williams*,
    330 F.3d 277 (4th Cir. 2003) .........................................................................8

**STATUTES**

18 U.S.C. § 924(c) .....................................................................................1, 2, 3

18 U.S.C. § 924(c)(3).........................................................................................1

18 U.S.C. § 924(e)(2)(b)(ii) ..............................................................................5

18 U.S.C. § 1959(a) ...........................................................................................3

21 U.S.C. § 846..................................................................................................3

21 U.S.C. § 848(e)(1)(A) ..................................................................................3

28 U.S.C. § 2244(b)(3)......................................................................................7

28 U.S.C. § 2244(b)(3)(c) .................................................................................8

28 U.S.C. § 2255(f)(3) ......................................................................................9

28 U.S.C. § 2255(h) ..........................................................................................7

28 U.S.C. § 2255(h)(2)..................................................................................8, 11

# INTRODUCTION

Corey Johnson[1] respectfully asks this Court, pursuant to 28 U.S.C. § 2255(h)(2), to authorize him to file the attached successive motion for relief from criminal convictions that were based on a federal statute that the Supreme Court has ruled unconstitutional (hereafter, "2255 Motion").

This motion meets the requirements for authorization because it relies upon a new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause defining a "crime of violence" under 18 U.S.C. § 924(c)(3) is void for vagueness in violation of the Due Process Clause.[2] *See id*. at 2336. In particular, the Court held that the residual clause unconstitutionally imposed criminal punishment based on an "estimation of the degree of risk posed by a crime's imagined 'ordinary case,'" in violation of the Due Process Clause. Mr. Johnson was convicted of violations of § 924(c)(3) and other charges in 1993.

---

[1] Mr. Johnson's first name is "Corey" but it was misspelled as "Cory" in various prior pleadings before this Court.

[2] The "residual clause" in § 924(c)(3), which was found to be unconstitutionally vague in *Davis*, stated in relevant part that: "[T]he term 'crime of violence' means an offense that is a felony and . . . (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

1

Mr. Johnson readily makes the prima facie showing required for this Court to grant his request for authorization pursuant to 28 U.S.C. § 2255(h)(2). Moreover, the Supreme Court's holding in *Davis* relates directly to Mr. Johnson's § 924(c) convictions because, post-*Davis*, the purported predicate offenses on which his § 924(c) convictions may have rested no longer qualify as crimes of violence. 139 S. Ct. 2319. Specifically, these predicate crimes, including conspiracy to commit murder and assault in violation of 18 U.S.C. § 1959, and counseling, commanding, inducing or procuring the killing of someone in violation of 21 U.S.C. § 848(e), fail to meet the violent physical force and intent requirements of the categorical approach. *See* Appendix 1 at 18a-35a. Following *Davis*, none of Mr. Johnson's predicate crimes support a conviction under 18 U.S.C. § 924(c).

This Motion should be granted because Mr. Johnson meets the prima facie standard for authorization, thereby permitting him to have the full merits of his claim heard by the District Court.

## PROCEDURAL HISTORY

### A.    Convictions and Sentencing.

In April 1992, Mr. Johnson and six co-defendants were charged in a 33-count indictment, including five counts under 18 U.S.C. § 924(c), which prohibits

"us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime." (Counts 9, 12, 15, 20, and 26). The indictment also charged conspiracy to possess with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. § 846 (Count 1), capital murder under 21 U.S.C. § 848(e)(1)(A), and killing and maiming in aid of racketeering under 18 U.S.C. § 1959(a).[3]

On February 3, 1993, the jury convicted Mr. Johnson of "Use of a Firearm in Relation to Killing and Maiming" in violation of § 924(c), as well as the other counts. *See* Appendix 2 (Verdict Form).[4] Following a penalty hearing in which the government relied largely on the same evidence presented at trial, the jury sentenced Mr. Johnson to death on the § 848 murder counts, and the Court subsequently imposed those sentences and sentenced Mr. Johnson to life in prison

---

[3] Each of Mr. Johnson's § 924(c) charges referred to at least two of these other charges as potential § 924(c) predicates. Count 9 referred to 21 U.S.C. § 846 and § 848, and 18 U.S.C. § 1959, as charged in Counts 1, 8, and 10. Count 12 referred to 21 U.S.C. § 846 and 848, and 18 U.S.C. § 1959, as charged in Counts 1, 11, and 13. Count 15 referred to 21 U.S.C. § 846 (not 848) and 18 U.S.C. § 1959 as charged in Counts 1, 14, and 16. Count 20 referred to 21 U.S.C. § 846 and § 848,and 18 U.S.C. § 1959 as charged in Counts 1, 17, 18, 19, 21, 22, and 23. Count 26 referred to 21 U.S.C. § 846 and §848, and 18 U.S.C. § 1959 as charged in counts 1, 24, 25, 27, 28, 29 and 30. Appendix 2 contains the Second Superseding Indictment.

[4] Appendix 2 contains the Verdict Form that the jury relied upon in returning its guilty verdicts, a transcript of the judge's instructions to the jury, and the relevant guilt and sentencing phase transcripts. The Presentence Report prepared in Mr. Johnson's case can be found in Appendix 4.

on the § 1959 murder counts and the § 848 Continuing Criminal Enterprise count, and to terms of years on the remaining § 1959 counts and the § 924(c) counts.

## B.    Direct Appeal.

Mr. Johnson timely appealed to the Fourth Circuit, raising issues relating to the guilt and penalty phases of his trial.  This Court held that Mr. Johnson's conviction under 21 U.S.C. § 846 violated the Constitution's double jeopardy clause and therefore vacated Mr. Johnson's conviction under Count 1, but otherwise affirmed his convictions and death sentences.  *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996).  The Supreme Court denied certiorari.  *Roane v. United States*, 520 U.S. 1253 (1997).

## C.    Initial § 2255 Motion.

In 1998, Mr. Johnson filed a timely motion for collateral relief under § 2255, raising in the motion (and amendments to it) claims of error in both the guilt and penalty phases of his trial.  The district court denied relief.  *See* App. 3C at 1016a-1140a (*United States v. Roane*, No. 3:92CR68 (E.D. Va. May 1, 2003)).  This Court affirmed the denial of relief.  *See United States v. Roane*, 378 F.3d 382 (4th

4

Cir. 2004). The Supreme Court denied certiorari. *Johnson v. United States*, 546 U.S. 810 (2005).[5]

### D.    Prior Applications for Authorization.

*Johnson v. United States*, 135 S. Ct. 2551 (2015) held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), defining "violent felony" using language similar to that of the statute at issue in Mr. Johnson's case, was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Then, in 2018, the Supreme Court held that the residual clause defining a "crime of violence" in 18 U.S.C. § 16(b) was also unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018). Pursuant to these decisions, Mr. Johnson moved for authorization to pursue § 2255 relief, challenging his § 924(c) convictions on the ground that § 924(c)(3)(B) is also unconstitutionally vague. However, in each instance, the Fourth Circuit summarily denied authorization.

Mr. Johnson files this motion for authorization based on the Supreme Court's holding in *Davis*, which unlike *Johnson and Dimaya*, relates directly to his convictions under § 924(c).

---

[5] Mr. Johnson's initial § 2255 motion was docketed under criminal case number 3:92CR68 and civil case number 3:97CV895. Pursuant to Local Rule 22(d), that filing and three amended motions to it are attached in Appendix 3.

5

## ARGUMENT

On June 24, 2019, the Supreme Court held that the residual clause in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was void for vagueness in violation of the Due Process Clause of the United States Constitution. *Davis*, 139 S. Ct. 2319. Based on *Davis*, a predicate crime must satisfy the elements-based, categorical approach required by § 924(c)(3)(A) in order for a conviction under § 924(c) to remain valid. As described in the accompanying motion to the District Court, when applying the categorical approach, the court determines only "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir.) (en banc) *cert. denied*, 140 S. Ct. 304, 205 L. Ed. 2d 196 (2019). Furthermore, the requirements of § 924(c) are not satisfied unless certain documents in the record establish with "certainty" that the defendant was "necessarily" convicted of an offense that meets the elements-based test for "crimes of violence." *Shepard v. United States*, 544 U.S. 13, 21 (2005). As a result, in cases where it is unclear which of multiple offenses may have been the predicate offense for purposes of a § 924(c) conviction, the conviction cannot be

6

sustained if even *one* of the possible predicates is not categorically a crime of violence.[6]

In Mr. Johnson's case, the record does not conclusively establish the predicate offense upon which the jury relied in convicting Mr. Johnson of violations of § 924(c). And in any event, neither § 1959(a) nor § 848(e) qualifies as a categorical "crime of violence" under *Davis*, for the reasons set forth in the attached motion. Accordingly, following *Davis,* Mr. Johnson's § 924(c) convictions are legal nullities.

By virtue of the *Davis* decision, Mr. Johnson meets the requirements of 28 U.S.C. § 2255(h)(2) for this Court to grant authorization for Mr. Johnson to move for relief in the district court.

## I.    MR. JOHNSON'S MOTION MEETS THE REQUIREMENTS OF § 2255.

When presented with a Motion for Authorization, it is the role of this Court to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)(3)]." 28 U.S.C.

---

[6] This Court recently granted a certificate of appealability on the question of "whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid." Order, *United States v. Taylor*, No. 19-7616 (Feb. 12, 2020 4th Cir.).

§ 2244(b)(3); § 2255(h); *United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011) ("§ 2255(h) spells out the standard applicable to those in federal custody").

In particular, the movant is entitled to authorization if he makes a prima facie showing that the claim is timely and relies on a new rule of constitutional law that (i) is made retroactive to cases on collateral review by the Supreme Court; and (ii) was previously unavailable. 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(C). This Motion plainly satisfies each of these requirements and should be granted.

The question of whether Mr. Johnson would succeed on the merits before the District Court is not one for this Court to consider at this juncture. *See In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016) ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."); *In Re Williams*, 330 F.3d 277, 282 (4th Cir. 2003) ("While this determination may entail a cursory glance at the merits—for example, an applicant cannot show that he would not have been convicted 'but for constitutional error' without adequately alleging some constitutional violation—the focus of the inquiry must always remain" on the prima facie standard).

Accordingly, Mr. Johnson respectfully submits that this Court's inquiry should be squarely focused on whether Mr. Johnson meets the standard set forth in 28 U.S.C. § 2255(h), which he does. First, the *Davis* holding relates directly to

8

Mr. Johnson's convictions and is a new rule of constitutional law.  139 S. Ct. 2319.

Second, the *Davis* holding was made retroactive to cases on collateral review by

the Supreme Court.  *Id.*  And third, the new rule of constitutional law set forth in

*Davis* was previously unavailable to Mr. Johnson.  *Id.*  For these reasons, Mr.

Johnson's Motion for Authorization should be granted.

### A.    Mr. Johnson's Motion is Timely.

Mr. Johnson's § 2255 Motion is timely.  Under 28 U.S.C. § 2255(f), a

§ 2255 motion must be filed within a one-year limitations period.  Where, as here,

the motion is pursuant to a "right [that] has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review," the one-

year limitations period runs from "the date on which the right asserted was initially

recognized by the Supreme Court."  28 U.S.C. § 2255(f)(3).  The Supreme Court

decided *Davis* on June 24, 2019.  139 S. Ct. 2319.  Because this application has

been filed within one year of that date (*i.e.*, before June 24, 2020), the attached

§ 2255 Motion is timely.

### B.    *Davis* Announced a New Rule.

A "case announces a new rule if the result was not *dictated* by precedent

existing at the time the defendant's conviction became final."  *Chaidez v. United

States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301

9

(1989)).  "And a holding is not so dictated," the Court has made clear, "unless it would have been 'apparent to all reasonable jurists.'"  *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

The rule set forth in *Davis* is plainly new.  Mr. Johnson's conviction became final in July 1996, when no precedent suggested—much less "*dictated*"—that the residual clause in § 924(c) might be unconstitutional.  *See* 139 S. Ct. 2319.  Prior to July 1996, the Supreme Court had construed the language of the residual clause of § 924(c)(3)(B), but had never held that it was constitutionally problematic.  *See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227-28 (1993).

And although Mr. Johnson has argued in prior motions that earlier Supreme Court holdings had been a sufficient basis for a § 2255(h)(2) application, *Davis'* rule is new notwithstanding these prior holdings because (i) the result in *Davis* was not dictated by existing precedent when Mr. Johnson's conviction became final in 1996; and (ii) in any event, unlike prior opinions issued by the Court, the *Davis* ruling directly invalidates § 924(c)(3)(B).  *See, e.g.*, *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) ("[T]he *Davis* ruling resolved a circuit split regarding the residual clause's constitutionality, which evidences that the result in *Davis* was not apparent to all reasonable jurists.").

10

## C.    *Davis'*s Rule is Constitutional In Nature.

There is no dispute that *Davis* announced a *constitutional* rule in holding that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally void under the Due Process Clause.  139 S. Ct. at 2326.  Because the Supreme Court held that the statute itself is unconstitutional, the rule in *Davis* is constitutional in nature. *United States v. Littlejohn*, No. 19-4344, 2020 WL 639642, at *1 n.1 (4th Cir. Feb. 11, 2020) ("The § 924(c) residual clause is unconstitutionally vague.");  *see also Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) (reaffirming that "the void-for-vagueness doctrine" is "mandated by the Due Process Clause[] of the Fifth Amendment").

## D.    The Supreme Court Made *Davis* Retroactive To Cases on Collateral Review.

*Davis'*s new rule was also "made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. §  2255(h)(2).  The Court makes a new rule of constitutional law retroactive to cases on collateral review by explicitly declaring it retroactive, or through a combination of holdings that "necessarily dictate retroactivity of the new rule."  *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002).

11

Here, the retroactive application of *Davis* is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Davis*'s new rule is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351; s*ee also Reece*, 938 F.3d at 635 ("[T]he rule announced in *Davis* meets the standard for a new substantive rule.")

In particular, *Davis* establishes that, pursuant to the Due Process Clause, some convictions pursuant to § 924(c) cannot be considered crimes of violence. Thus, *Davis* renders some conduct that was formerly criminal no longer criminal under the §924(c) statute. *See, e.g.*, *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that after *Davis*, VICAR based on kidnapping under Virginia law is no longer a § 924(c) crime of violence), *cert. denied Uhuru v. United States*, 140 S. Ct. 639 (2019).

A decision is also "substantive" if it "alters . . . the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264-165 (citation omitted). *Welch*'s reasoning applies with even more force here because *Davis* not only alters sentences, but renders a class of people once subject to § 924(c) liability entirely innocent.

12

In light of this precedent, it is clear that *Davis* is retroactive to cases on collateral appeal. *See, e.g.*, *United States. v. Dixon*, 789 Fed. Appx. 371 (4th Cir. 2020) (granting a certificate of appealability where the parties agreed that *Davis* applies retroactively); s*ee also Reece*, 938 F.3d at 635 (holding that the rule announced in *Davis* meets the standard for a new substantive rule and applies retroactively.); *In re Mullins*, 942 F.3d 975 (10th Cir. 2019) (same); *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019) (same).

### E.    *Davis*'s New Rule Was Previously Unavailable To Mr. Johnson.

The constitutional rule announced in *Davis* was not previously available to Mr. Johnson during direct review, which concluded in 1997, or during his prior § 2255 filings. Indeed, prior to *Davis*, the Supreme Court had not applied the constitutional vagueness analysis to the residual clause in 18 U.S.C. § 924(c).

## CONCLUSION

For all the above reasons, Mr. Johnson respectfully requests that this Court grant his motion and allow him to present the attached 28 U.S.C. § 2255 motion before the district court.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Darren M. Welch
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

14

## CERTIFICATE OF COMPLIANCE

1.      This brief contains 2897 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.      This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

/s/ Donald P. Salzman

15

# CERTIFICATE OF SERVICE

I certify that on this 22d day of May 2020, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

Dated: May 22, 2020                    /s/ Donald P. Salzman
                                       Skadden, Arps, Slate, Meagher & Flom LLP
                                       1440 New York Avenue, N.W.
                                       Washington, D.C. 20005
                                       (202) 371-7983
                                       donald.salzman@skadden.com

                                       Counsel for Corey Johnson

16