# Appendix 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **COREY JOHNSON,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | **Case No. 3:92CR68** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent**. | : | |

**MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255 PURSUANT TO**
***UNITED STATES V. DAVIS*, \_\_U.S.\_\_, 139 S. Ct. 2319 (2019)**

Darren M. Welch, VA Bar #: 45985
Donald P. Salzman*
Austin K. Brown*
Kathleen Shelton*
Peyton Chaney*
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7804
Fax: (202) 661-8267
Email: darren.welch@skadden.com
* pro hac vice to be filed

*Counsel for Corey Johnson*

## TABLE OF CONTENTS

Page

INTRODUCTION..............................................................................................................1

STATEMENT OF RELEVANT FACTS..........................................................................1

    **A.**     **Convictions and Sentencing** ................................................................1

    **B.**     **Direct Appeal**.........................................................................................3

    **C.**     **Initial § 2255 Motion**............................................................................3

    **D.**     **Prior Applications for Authorization** ..................................................4

ARGUMENT......................................................................................................................4

**I.**     MR. JOHNSON'S MOTION SATISFIES THE REQUIREMENTS OF § 2255. ............................5

    **A.**     **Mr. Johnson's Claims under *Davis* Are Cognizable under § 2255(a).**..............5

    **B.**     **Mr. Johnson's Motion is Timely Under § 2255(f).**...............................6

    **C.**     ***Davis* Announced a New Rule.** ...........................................................6

    **D.**     ***Davis*'s Rule is Constitutional In Nature.** .........................................7

    **E.**     **The Supreme Court Made *Davis* Retroactive To Cases on Collateral Review.** .......................................................................8

    **F.**     ***Davis*'s New Rule Was Previously Unavailable To Mr. Johnson.** .....................9

**II.**     AFTER *DAVIS*, MR. JOHNSON'S § 924(C) CONVICTIONS CAN NO LONGER BE SUSTAINED.........................................................................................9

    **A.**     **Under the Modified Categorical Approach, a § 924(c) Conviction Based on Multiple Offenses is Invalid If There is Ambiguity as to Which Offense Supported the § 924(c) Conviction and at Least One of the Possible Predicates Is Not Categorically a "Crime of Violence."**..............10

    **B.**     **Section 1959(a) is not categorically a "crime of violence" and thus cannot support a § 924(c) conviction.**..............................................15

1. *The jury was empowered to base Mr. Johnson's § 924(c) convictions on § 1959 conspiracy, which is not a categorical "crime of violence," and it may have done so.* ...........................................15

2. *After* Davis, *Mr. Johnson's § 924(c) can no longer rest on § 1959 murder offenses.* ........................................................16

3. *Maiming is not categorically a crime of violence and thus cannot support Mr. Johnson's 924(c) convictions.* .................................22

4. *Mr. Johnson's 924(c) convictions cannot rest on assault resulting in serious bodily injury, which is not categorically a crime of violence.* .......................................................23

C. **Mr. Johnson's § 848(e) Convictions Also Fail to Qualify as Categorical "Crimes of Violence" under § 924(c).** ...........................23

III. **BECAUSE ALL FIVE OF MR. JOHNSON'S § 924(C) CONVICTIONS ARE INVALID AFTER *DAVIS*, MR. JOHNSON IS ENTITLED TO BE RESENTENCED.** ...............................26

**CONCLUSION AND PRAYER FOR RELIEF** ...................................................27

ii

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Borden v. United States*,
140 S.Ct. 1262 (2020)..................................................................................................17

*Bourgeois v. Whitley,*
784 F.2d 718 (5th Cir. 1986) ................................................................................25, 26

*Chaidez v. United States*,
568 U.S. 342 (2013).....................................................................................................6

*Davis v. United States,*
417 U.S. 333 (1974).....................................................................................................6

*Descamps v. United States*,
570 U.S. 254 (2013), *appeal filed*, (4th Cir. Aug. 22, 2019).......................................11, 12

*Garcia v. Gonzales,*
455 F.3d 465 (4th Cir. 2006) ................................................................................10, 17

*In re Gomez*,
830 F.3d 1225 (11th Cir. 2016) .......................................................................................13

*In re Hammoud*,
931 F.3d 1032 (11th Cir. 2019) .......................................................................................9

*In re Irby*,
858 F.3d 231 (4th Cir. 2017) .......................................................................................20

*James v. United States,*
476 F.2d 936 (8th Cir. 1973) .......................................................................................25

*Jerkins v. United States,*
530 F.2d 1203 (5th Cir. 1976) .......................................................................................25

*Johnson v. Mississippi,*
486 U.S. 578 (1988).......................................................................................................26

iii

*Johnson v. United States*,
    135 S. Ct. 2551 (2015)........................................................................................4

*Johnson v. United States,*
    559 U.S. 133 (2010)........................................................................................10

*Miller v. United States*,
    735 F.3d 141 (4th Cir. 2013) .........................................................................8

*Mills v. Maryland,*
    486 U.S. 367 (1988)......................................................................................26

*In re Mullins*,
    942 F.3d 975 (10th Cir. 2019) .......................................................................9

*Ortiz v. Lynch*,
    796 F.3d 932 (8th Cir. 2015) .......................................................................12

*Popal v. Gonzales*,
    416 F.3d 249 (3d Cir. 2005)..........................................................................17

*Roane v. United States*,
    378 F.3d 382 (4th Cir. 2004) .........................................................................4

*Rosemond v. United States,*
    572 U.S. 65 (2014)..........................................................................................9

*San-Miguel v. Dove*,
    291 F.3d 257 (4th Cir. 2002) .........................................................................8

*Schriro v. Summerlin*,
    542 U.S. 348 (2004)........................................................................................8

*Sessions v. Dimaya*,
    138 S. Ct. 1204 (2018)....................................................................................4

*Shepard v. United States*,
    544 U.S. 13 (2005)................................................................................4, 11, 12

*Smith v. United States*,
    508 U.S. 223 (1993)....................................................................................7, 9

iv

*Taylor v. United States*,
495 U.S. 575 (1990)...................................................................................................11, 20

*Tyler v. Cain*,
533 U.S. 656 (2001)........................................................................................................8

*United States v. Begay*,
934 F.3d 1033 (9th Cir. 2019) ................................................................................18, 19

*United States v. Berry*,
2020 WL 591569 (W. D. Va. Feb. 6, 2020) ................................................................13

*United States v. Chapman*,
666 F.3d 220 (4th Cir. 2012) ...............................................................................12, 24

*United States v. Clay*,
627 F.3d 959 (4th Cir. 2010) .......................................................................................12

*United States v. Davis*,
__U.S.__, 139 S. Ct. 2319 (2019).....................................................................1, 4, 7, 9, 10

*United States v. Davis*,
No. 4:18-cr-00011, 2019 WL 3307235 (W.D. Va. July 23, 2019)...................................11

*United States v. Diaz-Ibarra*,
522 F.3d 343 (4th Cir. 2008) .......................................................................................11

*United States v. Dixon*,
789 F. App'x 371 (4th Cir. 2020) ...................................................................................9

*United States v. Evans*,
848 F.3d 242 (4th Cir. 2017) .......................................................................................10

*United States v. Fleming*,
739 F.2d 945 (4th Cir. 1984) .......................................................................................18

*United States v. Fuertes*,
805 F.3d 485 (4th Cir. 2015) ..................................................................................10, 12

*United States v. Gomez,*
690 F.3d 194 (4th Cir. 2012) .......................................................................................20

v

*United States v. Hager*,
    721 F.3d 167 (4th Cir. 2013) .................................................................16, 23

*United States v. Hodge*,
    902 F.3d 420 (4th Cir. 2018) ......................................................................25

*United States v. Knif*e,
    592 F.2d 472 (8th Cir. 1979) .....................................................................22

*United States v. Lettiere*,
    2018 WL 3429927 (D. Mont. July 16, 2018) ....................................................13

*United States v. Littlejohn*,
    No. 19-4344, 2020 WL 639642 n.1 (4th Cir., Feb. 11, 2020) ..............................7

*United States v. Mathis*,
    932 F.3d 242 (4th Cir.) ..........................................................................8, 11

*United States v. Mayo,*
    901 F.3d 218 (3d Cir. 2018)....................................................................21

*United States v. McCall*
    2019 WL 4675762 (E.D. Va. Sept. 25, 2019)..............................................12, 16

*United States v. McNeal*,
    818 F.3d 141 (4th Cir. 2016) .....................................................................16

*United States v. Middleton*,
    883 F.3d 485 (4th Cir. 2018) ....................................................................16

*United States v. NJB*,
    104 F.3d 630 (4th Cir. 1997) ....................................................................24

*United States v. Parrish*,
    767 F. App'x 440 (4th Cir. 2019) .................................................................19

*United States v. Reece*,
    938 F.3d 630 (5th Cir. 2019) ..................................................................7, 8, 9

*United States v. Roane*,
    520 U.S. 1253 (1997)...............................................................................3

*United States v. Roane*,
  No. 3:92CR68 (E.D. Va. May 1, 2003) ................................................................3

*United States v. Royal,*
  731 F.3d 333 (4th Cir. 2013) ..........................................................................22

*United States v. Rumley*,
  952 F.3d 538 (4th Cir. 2020) ..........................................................................21

*United States v. Runyon*,
  707 F.3d 475 (4th Cir. 2013) ..........................................................................16

*United States v. Scott*,
  954 F.3d 74 (2d Cir. 2020).............................................................................20

*United States v. Simms*,
  914 F.3d 229 (4th Cir. 2019) (en banc),
  *cert denied*, 140 S. Ct. 304 (2019) ..............................................4, 9, 11, 15, 24

*United States v. Tipton*,
  90 F.3d 861 (4th Cir. 1996) .............................................................................3

*United States v. Torres-Miguel*,
  701 F.3d 165 (4th Cir. 2012) ...............................................................11, 21, 22

*United States v. Townsend,*
  886 F.3d 441 (4th Cir. 2018) ..........................................................................16

*United States v. Tucker,*
  404 U.S. 443 (1972).......................................................................................25

*United States v. Turner*,
  198 F.3d 425 (4th Cir. 1999) ..........................................................................24

*United States v. Vann*,
  660 F.3d 771 (4th Cir. 2011) ..........................................................................13

*Welch v. United States*,
  136 S. Ct. 1257 (2016)...................................................................................7, 8

## STATUTES

18 U.S.C. § 924(c)(1)(A) ......................................................................................9

18 U.S.C. § 924(c)(3) ...........................................................................................................9

18 U.S.C. § 924(e)(2)(B)(ii) ...............................................................................................4

18 U.S.C. § 1111 ................................................................................................................18

18 U.S.C. § 1111(a) ....................................................................................................18, 20

18 U.S.C. § 1959(a) ...........................................................................................................15

21 U.S.C. § 848(e)(1)(A) ...................................................................................................23

28 U.S.C. § 2255(f) ..............................................................................................................6

28 U.S.C. § 2255(f)(3) .........................................................................................................6

28 U.S.C. § 2255(h) ..............................................................................................................8

## OTHER AUTHORITIES

U.S. Dep't of Justice, Violent Crimes in Aid of Racketeering: A Manual for Federal
     Prosecutors 30 (2006),
     https://www.justice.gov/sites/default/files/criminal/legacy/2010/11/12/2006vcar-
     manual.pdf ..................................................................................................................19

viii

**INTRODUCTION**

Movant, Corey Johnson,[1] through his undersigned counsel, hereby files a motion to set aside the judgment against him on Counts 9, 12, 15, 20, and 26, in the above captioned case, pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Mr. Johnson's convictions under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decision in *United States v. Davis*, __U.S.__, 139 S. Ct. 2319 (2019), which held that the residual clause defining a "crime of violence" under 18 U.S.C. § 924(c)(3)(b) is void for vagueness in violation of the Due Process Clause.  *Davis*, 139 S. Ct. at 2336.

In light of *Davis*, Mr. Johnson's § 924(c) convictions cannot be constitutionally sustained.  For the reasons explained below, Mr. Johnson respectfully requests that the Court vacate his five convictions for using a firearm during and in relation to a "crime of violence" under § 924(c) (Counts 9, 12, 15, 20, and 26) and that he be resentenced on the remaining counts.

**STATEMENT OF RELEVANT FACTS**

**A.    Convictions and Sentencing**

In April 1992, Mr. Johnson and six co-defendants were charged in a 33-count indictment, including five counts under 18 U.S.C. § 924(c), which prohibits "us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime."  (Counts 9, 12, 15, 20, and 26). The indictment also charged conspiracy to possess with intent to distribute under 21 U.S.C.

---

[1] Mr. Johnson's first name is "Corey" but it was misspelled as "Cory" in the indictments and in prior pleadings before this Court.

1

§ 846, murder in furtherance of a continuing criminal enterprise under 21 U.S.C. § 848(e)(1)(A), and killing and maiming in aid of racketeering under 18 U.S.C. § 1959. Each of Mr. Johnson's § 924(c) charges referred to at least two of these other charges as potential § 924(c) predicates.[2]

The court's instructions to the jury described the potential § 924(c) predicates in general terms, referring the jury by number to the counts that they could consider as predicates for Mr. Johnson and his co-defendants. Jury Instructions 192a. To describe two of the underlying charges, the court informed the jury that Mr. Johnson was charged with "two very specific, very distinct types of homicide: Killing while engaged in or in furtherance of a Continuing Criminal Enterprise in violation of Title 21 Section 841(e) . . . and killing for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity in violation of Title 18 Section 1959." *Id.* at 188a. The jury was asked to limit its deliberations to these two very specific types of killings, because "[m]ost types of homicide, that is, murder in the first degree or the second degree, voluntary manslaughter, are crimes under state law, not federal law. And therefore, they cannot be tried by this Court." *Id.* Later, in describing § 1959 specifically, the court read the full language of the statute, *id.* at 190a, which criminalizes various conduct including conspiracy, and made clear to the jury that it could convict Mr. Johnson if the

---

[2]   Count 9 referred to 21 U.S.C. § 846 and § 848, and 18 U.S.C. § 1959, as charged in Counts 1, 8, and 10. Second Superseding Indictment 372a. Count 12 referred to 21 U.S.C. § 846 and 848, and 18 U.S.C. § 1959, as charged in Counts 1, 11, and 13. *Id.* at 374a. Count 15 referred to 21 U.S.C. § 846 (not 848) and 18 U.S.C. § 1959 as charged in Counts 1, 14, and 16. *Id.* at 375a–376a. Count 20 referred to 21 U.S.C. § 846 and § 848, and 18 U.S.C. § 1959, as charged in Counts 1, 17, 18, 19, 21, 22, and 23. *Id.* at 378a. Count 26 referred to 21 U.S.C. § 846 and §848, and 18 U.S.C. § 1959 as charged in counts 1, 24, 25, 27, 28, 29 and 30. *Id.* at 381a.

2

government could prove "that [he] did knowingly and intentionally commit or conspire to commit the crime charged in the particular count under consideration," *id.* at 191a.

On February 3, 1993, the jury convicted Mr. Johnson of "Use of a Firearm in Relation to Killing" and "Maiming" in violation of § 924(c), as well as all other counts. *See* Verdict 38a. The same jury then considered whether to impose the death penalty on Mr. Johnson and two others in this case. Following a penalty hearing in which the government relied largely on the same evidence presented at trial, the jury sentenced Mr. Johnson to death on the § 848 murder counts, and the Court subsequently imposed those sentences and sentenced Mr. Johnson to life in prison on the § 1959 murder counts and the § 848 Continuing Criminal Enterprise count, and to terms of years on the remaining § 1959 counts and the § 924(c) counts.

## B.    Direct Appeal

Mr. Johnson timely appealed to the Fourth Circuit, raising issues relating to the guilt and penalty phases of his trial. The Fourth Circuit held that Mr. Johnson's conviction under 21 U.S.C. § 846 violated the Constitution's double jeopardy clause and therefore vacated Mr. Johnson's conviction under Count 1, but otherwise affirmed his convictions and death sentences. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). The Supreme Court denied certiorari. *United States v. Roane*, 520 U.S. 1253 (1997).

## C.    Initial § 2255 Motion

In 1998, Mr. Johnson filed a timely motion for collateral relief under § 2255, raising in the motion (and amendments to it) claims of error in both the guilt and penalty phases of his trial. This Court denied relief. *United States v. Roane*, No. 3:92CR68 (E.D. Va. May 1, 2003). The Fourth Circuit affirmed the denial of relief. *Roane v. United States*, 378 F.3d 382 (4th Cir. 2004). The Supreme Court denied certiorari. *Johnson v. United States*, 546 U.S. 810 (2005).

3

### D.     Prior Applications for Authorization

*Johnson v. United States*, 135 S. Ct. 2551 (2015) held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), defining "violent felony" using language similar to that of the statute at issue in Mr. Johnson's case, was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Then, in 2018, the Supreme Court held that the residual clause defining a "crime of violence" in 18 U.S.C. § 16(b) was also unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018). Pursuant to these decisions, Mr. Johnson moved for authorization to pursue § 2255 relief, challenging his § 924(c) convictions on the ground that § 924(c)(3)(B) is also unconstitutionally vague. However, in each instance, the Fourth Circuit summarily denied authorization.

### ARGUMENT

On June 24, 2019, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), the residual clause in the statute's definition of "crime of violence," was void for vagueness in violation of the Due Process Clause of the United States Constitution. *United States v. Davis*, 139 S. Ct. 2319 (2019). After *Davis*, a predicate crime must satisfy the elements-based, categorical approach required by § 924(c)(3)(A) in order for a conviction under 924(c) to remain valid. As described below, when applying the categorical approach, the court determines only "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc), *cert denied*, 140 S. Ct. 304 (2019). Furthermore, the requirements of § 924(c) are not satisfied unless certain documents in the record establish with "certainty" that the defendant was "necessarily" convicted of an offense that meets the elements-based test for "crimes of violence." *Shepard v. United States*, 544 U.S. 13, 21 (2005). Indeed, in cases where it is unclear which of multiple

4

offenses may have been the predicate offense for purposes of a § 924(c) conviction, the conviction cannot be sustained if even *one* of the possible predicates is not categorically a crime of violence. In Mr. Johnson's case, the record does not conclusively establish the predicate offense upon which the jury relied in convicting Mr. Johnson of violations of § 924(c). And in any event neither § 1959(a) nor § 848(e) qualifies as a categorical "crime of violence" under *Davis*, for the reasons set forth below. Accordingly, following *Davis,* Mr. Johnson's § 924(c) convictions are legal nullities that were entered in excess of this Court's jurisdiction, and relief under § 2255 is warranted.

## I.    MR. JOHNSON'S MOTION SATISFIES THE REQUIREMENTS OF § 2255.

As an initial matter, Mr. Johnson's claims are cognizable under § 2255(a), and this Motion satisfies the requirements of 28 U.S.C. § 2255 because it is (1) timely, and raises cognizable claims relying upon the rule *Davis* announced, which is (2) a new rule, (3) that is constitutional in nature, (4) that the Supreme Court has made retroactive on collateral review, and (5) that was previously unavailable.

### A.    Mr. Johnson's Claims under *Davis* Are Cognizable under § 2255(a).

A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." Mr. Johnson's convictions under 18 U.S.C. § 924(c) violate the Due Process Clause of the Fifth Amendment and were imposed in excess of this Court's jurisdiction. As shown below, Mr. Johnson's convictions on the § 924(c) charges violate Due Process because they rest on the unconstitutionally vague residual clause. Moreover, as also explained in more detail below, Mr. Johnson now stands convicted of offenses that are not criminal, since all of his convictions under § 924(c) fail to satisfy the essential

5

predicate "crime of violence" element of the statute. Because the crimes of violence the jury relied upon as the essential predicate offenses underlying the § 924(c) convictions—murder and maiming under § 1959—categorically cannot qualify as "crime[s] of violence" for purposes of § 924(c)(3)(A)'s elements clause, this Court had no jurisdiction to try Mr. Johnson on those offenses. Mr. Johnson's convictions, therefore, violate the laws of the United States and result in a fundamental miscarriage of justice. This is precisely the type of error that is cognizable under § 2255(a). *See Davis v. United States,* 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255" (citation omitted)).

### B.    Mr. Johnson's Motion is Timely Under § 2255(f).

A § 2255 motion must be filed within a one-year limitations period. 28 U.S.C. § 2255(f). Where, as here, the motion is pursuant to a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Supreme Court decided *Davis* on June 24, 2019. Because this application has been filed within one year of that date (*i.e.*, before June 24, 2020), it is timely.

### C.    *Davis* Announced a New Rule.

"[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). "And a holding is not so dictated,"

6

the Court has made clear, "unless it would have been 'apparent to all reasonable jurists.'" *Id.* at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

The rule set forth in *Davis* is plainly new. Mr. Johnson's conviction became final in July 1996, when no precedent suggested—much less "*dictated*"—that the residual clause in § 924(c) might be unconstitutional. Prior to July 1996, the Supreme Court had construed the language of the residual clause of § 924(c)(3)(B), but had never held that it was constitutionally problematic. *See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227-28 (1993).

And although Mr. Johnson has argued in prior motions that earlier Supreme Court holdings were a sufficient basis for a § 2255(h)(2) application, *Davis*' rule is new notwithstanding these prior holdings because (i) the result in *Davis* was not dictated by existing precedent when Mr. Johnson's conviction became final in 1996; and (ii) in any event, unlike prior opinions issued by the Court, the *Davis* ruling directly invalidates § 924(c)(3)(B). *See, e.g.*, *United States v. Reece*, 938 F.3d 630, 634 (5th Cir. 2019) ("The *Davis* ruling resolved a circuit split regarding the residual clause's constitutionality, which evidences that the result in *Davis* was not apparent to all reasonable jurists.").

**D.    *Davis*'s Rule is Constitutional In Nature.**

There is no dispute that *Davis* announced a *constitutional* rule in holding that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally void under the Due Process Clause. 139 S. Ct. at 2323–24, 2333. Because the Supreme Court held that the statute itself is unconstitutional, the rule in *Davis* is constitutional in nature. *United States v. Littlejohn*, No. 19-4344, 2020 WL 639642, at *1 n.1 (4th Cir., Feb. 11, 2020) ("The § 924(c) residual clause is unconstitutionally vague."); *see also Welch*, 136 S.Ct. 1257, 1261 (2016) (reaffirming that "the

7

void-for-vagueness doctrine" is "mandated by the Due Process Clause[] of the Fifth Amendment").

### E.    The Supreme Court Made *Davis* Retroactive To Cases on Collateral Review.

*Davis*'s new rule was "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). The Court makes a new rule of constitutional law retroactive to cases on collateral review by explicitly declaring it retroactive, or through a combination of holdings that "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002).

Here, the retroactive application of *Davis* is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Davis*'s new rule is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351; *see also Reece*, 938 F.3d at 635 ("[T]he rule announced in *Davis* meets the standard for a new substantive rule.")

In particular, *Davis* establishes that, pursuant to the Due Process Clause, some convictions pursuant to § 924(c) cannot be considered crimes of violence. Thus, *Davis* renders some conduct that was formerly criminal no longer criminal under the § 924(c) statute. *See, e.g.*, *United States v. Mathis*, 932 F.3d 242, 266-67 & n.25 (4th Cir.) (holding that after *Davis*, VICAR based on kidnapping under Virginia law is no longer a § 924(c) "crime of violence"), *cert. denied*, *Uhuru v. United States*, 140 S. Ct. 639 (2019).

A decision is also "substantive" if it "alters . . . the class of persons that the law punishes." *Welch* 136 S. Ct. at 1264–65 (citation omitted). *Welch*'s reasoning applies with even

8

more force here because *Davis* not only alters sentences, but renders a class of people once subject to § 924(c) liability entirely innocent.

Accordingly, it is clear that *Davis* is retroactive to cases on collateral appeal. *See, e.g.*, *United States v. Dixon*, 789 F. App'x 371 (4th Cir. 2020) (granting a certificate of appealability where the parties agreed that *Davis* applies retroactively); *see also Reece*, 938 F.3d at 635 (holding that the rule announced in *Davis* applies retroactively); *In re Mullins*, 942 F.3d 975 (10th Cir. 2019) (same); *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019) (same).

      F.      ***Davis*'s New Rule Was Previously Unavailable To Mr. Johnson.**

The constitutional rule announced in *Davis* was not previously available to Mr. Johnson during direct review or during his prior § 2255 filings. He unsuccessfully attempted to raise constitutional vagueness challenges to his § 924(c) convictions before *Davis* in prior motions for authorization. Until *Davis*, the Supreme Court had not invalidated the residual clause set forth in § 924(c)(3)(B) as unconstitutionally vague, *Davis*, 139 S. Ct. at 2319, and therefore the constitutional rule was previously unavailable to Mr. Johnson.

**II.     AFTER *DAVIS*, MR. JOHNSON'S § 924(C) CONVICTIONS CAN NO LONGER BE SUSTAINED.**

Section 924(c) prohibits "us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). It is "a combination crime," meaning that it "punishes the temporal and relational conjunction of two separate acts." *Rosemond v. United States,* 572 U.S. 65, 75 (2014). Accordingly, the prosecution must make two showings: "the commission of an underlying crime and the use of a firearm." *Simms*, 914 F.3d at 237 (citing *Smith v. United States*, 508 U.S. 223, 227–28 (1993)).

After *Davis*, the essential underlying "crime of violence" element cannot be satisfied in Mr. Johnson's case. Section 924(c)(3) defines "crime of violence" as a felony that:

9

(A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). As described above, the Supreme Court invalidated § 924(c)(3)(B)—otherwise known as the residual clause—finding it unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Thus, the residual clause, which was cited by the Judge in his instructions to the jury, cannot support Mr. Johnson's § 924(c) convictions.

The surviving clause—often referred to as the elements clause—does not save Mr. Johnson's convictions. To qualify as a "crime of violence" under the elements clause, the "use of . . . force" must satisfy two requirements. First, the conduct must involve *violent* force—that is, "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010). Second, the use of such force must be *intentional*—not merely reckless or negligent. *See Garcia v. Gonzales,* 455 F.3d 465, 469 (4th Cir. 2006) ("[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" (citation omitted)). Because at least one—if not all—of Mr. Johnson's convictions fail to satisfy the requirements of the elements clause, his § 924(c) convictions are a legal nullity that were entered in excess of this Court's jurisdiction, and relief under § 2255 is warranted.

**A.     Under the Modified Categorical Approach, a § 924(c) Conviction Based on Multiple Offenses is Invalid If There is Ambiguity as to Which Offense Supported the § 924(c) Conviction and at Least One of the Possible Predicates Is Not Categorically a "Crime of Violence."**

To determine whether a predicate crime constitutes a "crime of violence," the court applies the categorical approach. *See United States v. Evans,* 848 F.3d 242, 245–46 (4th Cir.

10

2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).  Under this approach, the court determines only "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force."  *Simms*, 914 F.3d at 233.  To conduct this analysis, a court must "look only to the statutory definitions—*i.e.*, the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]."  *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also Simms,* 914 F.3d at 233.  In other words, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by the statute, including the least culpable conduct, matches or is narrower than the "crime of violence" definition.  *See United States v. Torres-Miguel,* 701 F.3d 165, 167 (4th Cir. 2012); *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008) ("[W]e look only to the statutory definition of the . . . crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" (citation omitted)); *see also United States v. Davis*, No. 4:18-cr-00011, 2019 WL 3307235, at *9 (W.D. Va. July 23, 2019) ("[T]he key consideration is whether the state statute 'sweeps more broadly than the generic crime.'  If the state statute is broader, and is applied to capture non-violent conduct, the conviction in question cannot serve as the predicate § 924(c) 'crime of violence' regardless of whether the defendant's actual conduct violates the generic form of the offense." (quoting *Descamps v. United States*, 570 U.S. 254, 260–61 (2013))), *appeal filed*, (4th Cir. Aug. 22, 2019).  If the underlying offense "sweeps more broadly" than § 924(c)'s definition, it is not categorically a crime of violence and does not support a § 924(c) conviction.

If necessary, the court may employ the modified categorical approach, and consult a select few documents to help "'determine what crime, with what elements,' formed the basis of a defendant's conviction."  *Mathis*, 932 F.3d at 264 (quoting *Mathis v. United States*, 136 S. Ct.

11

2243, 2249 (2016)).  These documents, known as *Shepard* documents, are generally limited to the indictment, jury instructions, and verdict form.  *See Shepard*, 544 U.S. at 25–26.  In these cases, the modified categorical approach "acts not as an exception [to the categorical approach], but instead as a tool," and the inquiry is similarly confined to the elements of the crime and not the facts of the case.  *Descamps v. United States*, 570 U.S. 254, 263 (2013).

Under the modified categorical approach, an offense cannot qualify as a § 924(c) predicate unless the *Shepard* documents establish with "certainty" that the defendant was "necessarily" convicted of an offense that meets the elements-based test for "crimes of violence." *Shepard*, 544 U.S. at 21.  In a case like this, "plausibility or even likelihood" that the defendant was convicted of a qualifying "crime of violence" is not enough.  *United States v. Clay*, 627 F.3d 959, 967 (4th Cir. 2010).  This high bar protects against the kind of "evidentiary enquiries into the factual basis for the conviction" that the categorical approach was designed to avoid. *Shepard*, 544 U.S. at 20; *see also Fuertes*, 805 F.3d at 498.

When it cannot be conclusively determined that the defendant was convicted of an offense the elements of which categorically qualify as a "crime of violence," the court should assume that he was convicted of the "least serious" offense criminalized by the underlying statutes.  *See United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012) (looking to "the least serious of the statutory conduct" to determine which crime a defendant pleaded guilty to); *see also United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc) ("[I]n trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced – in the absence of a special verdict [form] identifying the factual bases for conviction."); *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) ("[W]e must presume [Ortiz's]

12

conviction rested upon [nothing] more than the least of th[e] acts criminalized." (alterations in original) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013))).

Accordingly, a § 924(c) conviction cannot be sustained if one of the possible predicates is not categorically a crime of violence. In *United States v. McCall*, for example, the court vacated a § 924(c) conviction post-*Davis* because the jury could have based its § 924(c) verdict on the offense that did not constitute a crime of violence. No. 3:10CR170-HEH, 2019 WL 4675762, at *6-7 (E.D. Va. Sept. 25, 2019). Likewise, in *United States v. Berry*, the court vacated a § 924(c) conviction post-*Davis* because "'there [wa]s no means of establishing whether the conviction was for attempt' – which *could* qualify as a crime of violence – 'as opposed to conspiracy' – which *does not* qualify as a crime of violence." No. 3:09-cr-00019, 2020 WL 591569, at *3 (W. D. Va. Feb. 6, 2020) (citation omitted). In *United States v. Lettiere*, the court vacated a § 924(c) conviction because the *Shepard* documents "arguably did not establish that he committed a crime of violence as defined by § 924(c)(3)(A)." No. CR 09-049-M-DWM, 2018 WL 3429927, at *4 (D. Mont. July 16, 2018). And, in *In re Gomez*, the Eleventh Circuit recognized that an ambiguous verdict necessarily undermines a § 924(c) conviction based on multiple offenses:

> [W]e can't know what, if anything, the jury found with regard to Gomez's connection to a gun and these crimes. That is because the jurors had multiple crimes to consider in a single count, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm.

830 F.3d 1225, 1227 (11th Cir. 2016). Thus, a § 924(c) conviction based on multiple predicates cannot stand when one possible predicate offense does not categorically qualify as a crime of violence and the *Shepard* documents do not conclusively establish the basis of the § 924(c) conviction.

13

In Mr. Johnson's case, the *Shepard* documents do not establish with "certainty" which potential predicates support the jury's ultimate § 924(c) determinations. The indictment pointed to multiple possible underlying offenses under 18 U.S.C. § 1959(a) and 21 U.S.C. §§ 846 and 848(e)(1)(A). And the jury instructions only referred to the general terms used in the statute itself:

> It is charged in the indictment that . . . [the defendants] used a firearm during and in relationship – or in relation to the commission of a crime of violence or a drug-trafficking crime.

***

> In order to sustain its burden of proof of the crime of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime as charged in Counts Six, Nine, Twelve, Fifteen, Twenty, and Twenty-Six of the indictment, the government must prove the following two essential elements beyond a reasonable doubt: One, the defendant committed the crime as charged in the indictment; and two, during and in relation to the commission of *that* crime, the defendant knowingly used or carried a firearm.

***

> The offenses alleged in Counts . . . Eight, Ten, Eleven, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty-one, Twenty-two, Twenty-three, Twenty-four, Twenty-five, Twenty-seven, Twenty-eight, Twenty-nine, Thirty . . . are crimes of violence or drug trafficking crimes.

Jury Instructions, 191a–192a. Moreover, the § 924(c) counts on the special verdict form refer only to "killing"—which matches the language used to describe both § 1959(a) and § 848(e) on the verdict form.

In sum, under the modified categorical approach, Mr. Johnson's § 924(c) convictions are invalid because they were based on one or more crimes that do not qualify as a "crime of violence" after *Davis*. As set forth below, neither § 1959(a) nor § 848(e) qualifies as a categorical "crime of violence" under *Davis*, and Mr. Johnson's convictions cannot be sustained.

14

**B.      Section 1959(a) is not categorically a "crime of violence" and thus cannot support a § 924(c) conviction.**

Section 1959 was identified as a possible underlying crime for each of Mr. Johnson's § 924(c) convictions. This statute sets forth multiple crimes that are punishable when done "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). These crimes include (1) murder, (2) kidnapping, (3) maiming, (4) assault with a dangerous weapon, (5) assault resulting in serious bodily injury, (6) a threat to commit a crime of violence, (7) attempt to commit the foregoing, or (8) conspiracy to commit the foregoing. *Id.* Here, the jury instructions and other *Shepard* documents create grave uncertainty as to the predicate of Mr. Johnson's § 924(c) convictions, identifying as many as four types of § 1959 conduct—each of which categorically fails to qualify as a § 924(c) "crime of violence" following *Davis*. Under the modified categorical approach, as described above in Section II.A, even one invalid predicate undermines Mr. Johnson's § 924(c) convictions.

> 1.    *The jury was empowered to base Mr. Johnson's § 924(c) convictions on § 1959 conspiracy, which is not a categorical "crime of violence," and it may have done so.*

Conspiracy does not qualify as a categorical "crime of violence" and thus cannot support a § 924(c) conviction. The Fourth Circuit made this clear in *Simms*: "[T]o convict a defendant of [a conspiracy] offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the [statute at issue]. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." 914 F.3d at 233–34.

15

As noted above, 18 U.S.C. § 1959 includes conspiracy to commit any of the multiple crimes listed in the statute.  In Mr. Johnson's case, the court also specifically instructed the jury that it could base its finding of guilt on the crime charged *or* on "conspir[acy] to commit the crime charged in the particular count under consideration."  Jury Instructions 191a.  It is impossible to tell whether the jury found Mr. Johnson guilty of § 924(c) based on conspiracy, the crime itself, *or* both.  However, this Court must assume that the jury followed the jury instructions, which unequivocally instructed that the § 924(c) conviction could be predicated on either the crime or the conspiracy.  *United States v. Runyon*, 707 F.3d 475, 497 (4th Cir. 2013) ("Our analysis is governed, first and foremost, by the 'almost invariable assumption of the law that jurors follow their instructions.'" (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987))); *see also United States v. Hager*, 721 F.3d 167, 189 (4th Cir. 2013) ("Without any evidence to the contrary, we must assume that the jury followed the instructions given to it by the court.").  In *McCall*, the court vacated the defendant's § 924(c) conviction because conspiracy could not qualify as a § 924(c) predicate and the "liability in [the § 924(c) count] could have been based on committing assault with a dangerous weapon by either unlawful or malicious wounding or brandishing *or conspiring* to commit those offenses."  2019 WL 4675762, at *7 (emphasis added).  Because conspiracy cannot qualify as a "crime of violence," all of Mr. Johnson's § 924(c) convictions are invalid.

2.      *After* Davis*, Mr. Johnson's § 924(c) can no longer rest on § 1959 murder offenses.*

Even if the jury instructions had not referred to § 1959 conspiracy, Mr. Johnson's § 1959 counts do not otherwise stand up to the categorical, elements-based approach required for § 924(c) convictions after *Davis*.  In the Fourth Circuit, a "crime of violence" requires intent.

16

25a

*United States v. Townsend,* 886 F.3d 441, 444–45 (4th Cir. 2018) ("'Use' of force means to act with a *mens rea* more culpable than negligence or recklessness."); *United States v. McNeal*, 818 F.3d 141, 154–55 (4th Cir. 2016) ("Although *Leocal* reserved the question of whether a reckless application of force could qualify as a 'use' of force, we answered that question two years later by ruling that recklessness was not enough."); *see also, e.g.*, *United States v. Middleton*, 883 F.3d 485, 497 (4th Cir. 2018) ("The difference in mental states distinguishes the reckless causation of death . . . that cannot constitute a 'use . . . of physical force,' from the intentional causation of injury . . . that constituted 'use of . . . physical force.'") (Floyd, J., concurrence in part) (first and third alterations in original) (citations omitted); *Popal v. Gonzales*, 416 F.3d 249, 254 (3d Cir. 2005) (holding that a court may not assume a *mens rea* greater than "the minimum culpability required for a conviction under" the predicate statute and finding that, because the predicate statute "requires a *mens rea* of recklessness, rather than intent, it is not a crime of violence under § 16(a)").[3]  Accordingly, a crime that could be committed without intent sweeps more broadly than § 924(c) allows and cannot qualify as a "crime of violence" under the elements clause.  *Garcia*, 455 F.3d at 468 ("[The predicate state statute] does not contain an element that there be the intentional employment of physical force against a person or thing, and thus is beyond the scope of 18 U.S.C. § 16(a)").  In Mr. Johnson's case, § 1959(a) fails under this standard for several reasons.

---

[3]   The question of whether a crime that can be committed recklessly can qualify as a categorical "crime of violence" is currently pending before the Supreme Court.  *See Borden v. United States*, 140 S.Ct. 1262 (2020) (granting certiorari).

17

First, even a cursory review of the record here reveals that it is devoid of any reference to a specific "murder" statute to which the categorical, elements-based approach required by *Davis* could be applied. Indeed, neither the indictment, nor the jury instructions, nor the jury's verdict references a specific "murder" charge or statute.

To be sure, an elements-based analysis of a murder statute can only occur where there is a statute to analyze. And in this case, given the lack of any reference to a specific murder statute, it is <u>impossible</u> to determine whether Mr. Johnson was convicted of "murder" with the requisite *mens rea* to support his § 924(c) conviction after *Davis*. As a result, it cannot be said that he was convicted of a crime that is categorically a "crime of violence."

Second, even if Mr. Johnson's § 1959 conviction rested on the federal murder statute, 18 U.S.C. § 1111[4]—which it did not—that statute is not categorically a "crime of violence" because it does not require intent. Section 1111 encompasses second degree murders that do not require

---

[4] The Court instructed the jury that a state murder statute could not support a conviction here: "[The defendants] have been charged with two very specific, very distinct types of homicide: Killing while engaged in or in furtherance of a Continuing Criminal Enterprise in violation of Title 21 Section 841(e) of the United States Code, and killing for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity in violation of Title 18 Section 1959 of the United States Code. / The reason you are being asked to limit your deliberations to these two very specific types of killings is that you are sitting as a jury in a federal court. In criminal cases, federal courts may try a defendant only for violations of federal law. Most types of homicide, that is murder in the first degree or the second degree, voluntary manslaughter, are crimes under state law, not federal law. And therefore, they cannot be tried by this Court. / As I am about to explain to you, if in your deliberations you find that a particular defendant has killed another person, that would not be enough for you to find that defendant guilty of a federal crime. Instead, you must be convinced beyond a reasonable doubt that each of the specific elements of a federal crime charged in the indictment has been proved by the government." Jury Instructions, 188a.

18

27a

the government to prove that the killing was intentional.  This is true because the elements of § 1111 are (1) "unlawful killing of a human being" and (2) "malice aforethought," which does not require the higher degree of *mens rea* demanded by § 924(c).  18 U.S.C. § 1111(a).  Instead, the "malice aforethought" element of § 1111 requires only evidence of conduct that is "reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm."  *United States v. Fleming*, 739 F.2d 945, 947–48 (4th Cir. 1984) (quoting *United States v. Black Elk*, 579 F.2d  49, 51 (8th Cir. 1978)); *United States v. Begay*, 934 F.3d 1033, 1040 (9th Cir. 2019) ("[S]econd-degree murder may be committed recklessly—with a depraved heart mental state—and need not be committed willfully or intentionally."); U.S. Dep't of Justice, Violent Crimes in Aid of Racketeering: A Manual for Federal Prosecutors 30 (2006), https://www.justice.gov/sites/default/files/criminal/legacy/2010/11/12/2006vcar-manual.pdf ("The government need not show a subjective intent to kill" to establish malice aforethought.).  And because it can be committed without intent, murder under § 1111 is not categorically a "crime of violence."  *Begay*, 934 F.3d at 1041 ("Because second-degree murder [as defined in § 1111] can be committed recklessly, rather than intentionally, it does not categorically constitute a crime of violence.").

While this Court has ruled that some second degree murder statutes qualify as "crimes of violence," those rulings referenced specific statutes that were susceptible to the required elements-based analysis and rested upon the conclusion that the statute required intent.  In *In re*

19

28a

*Irby*, for example, the defendant was convicted of <u>retaliatory murder under 18 U.S.C. § 1513</u>.[5] Section 1513 "makes it an offense to intentionally kill another person in retaliation." *In re Irby*, 858 F.3d 231, 234 (4th Cir. 2017). Given the identification of a specific murder statute for analysis in *Irby,* this Court was able to determine that each element—including the *mens rea* element—satisfied the requirements of "crime of violence." *Id.* But such an analysis is impossible here, where neither the Government, nor Mr. Johnson, nor this Court, has any way to determine the elements of the "murder" referenced by the jury in its verdict. Similarly, in *United States v. Parrish*, the defendant was convicted of second degree murder under North Carolina law, which "is proved by intentional conduct." 767 F. App'x 440, 442 (4th Cir. 2019) (citation omitted). Again, nothing in the record relating to Mr. Johnson's case references a murder statute that categorically qualifies as a crime of violence. For that reason, cases like *Irby* do not control—and are in fact irrelevant to—this court's analysis of Mr. Johnson's convictions.

Third, homicide under § 1959(a)(1) also encompasses felony murder—including felony murders in which the underlying homicide is committed by another person and the felony murders are based on an underlying felony that does not involve the use or threatened use of violent physical force. For example, burglary lacks an element requiring the intentional use of force but may serve as a predicate felony for a felony murder under both state and federal law. *Taylor*, 495 U.S. at 597 (". . . considered solely in terms of [its] statutory elements, [burglary] do[es] not necessarily involve the use or threat of force against a person"); *see also, e.g.,* 18

---

[5]  The defendant in <u>*Irby* was also convicted of 18 U.S.C. § 1111, which the court described as setting forth the punishment for a violation of § 1513</u>. *In re Irby*, 858 F.3d 231, 234 (4th Cir. 2017).

20

U.S.C. § 1111(a) (defining murder to include murder "committed in the perpetration of, or attempt to perpetrate, any . . . burglary"). Because intent is not required, § 1959(a)(1) sweeps more broadly than §924(c) and cannot categorically qualify as a crime of violence.

Finally, both §§ 1959(a)(1) and 1959(a)(2) categorically fail to qualify as "crime[s] of violence" under § 924(c)(1)(A) since they cover acts of omission that do not require *any* physical force—much less the "violent force" that is a prerequisite to the constitutional application of the elements clause. Homicide under § 1959(a)(1)—like a wide range of other offenses under state and federal law—can be violated by an act of omission. *See, e.g., United States v. Gomez,* 690 F.3d 194, 200–01 (4th Cir. 2012) (holding that statute categorically fails to qualify as a "crime of violence" under elements clause because "a defendant may be found guilty" under the statute "by committing an affirmative act or by neglecting to act, neither of which necessarily requires the use of physical force"); *United States v. Scott*, 954 F.3d 74, 87 (2d Cir. 2020) (holding "that New York first-degree manslaughter is not a crime of violence under the force clause of ACCA because it can be committed by inaction"). For example, a wide range of acts of omission that can be committed without any force at all could lead to a homicide conviction under § 1959(a)— from "the deliberate failure to provide food or medical care" to leaving someone locked in a dangerous place. *See, e.g.*, *Torres-Miguel,* 701 F.3d at 169–70 (citing examples); *United States v. Mayo,* 901 F.3d 218, 227 (3d Cir. 2018) (holding that offense did not category qualify as a "crime of violence" under elements clause because convictions under it "have been upheld not because a defendant used physical force against the victim, but because serious bodily injury occurred, as with the deliberate failure to provide food or medical care"). *But see United States v. Rumley*, 952 F.3d 538 (4th Cir. 2020) (explaining—though in dicta—"that the intentional infliction of bodily harm requires a use of physical force, *even if* the means used are indirect").

21

While there are many ways in which force could be used to violate §§ 1959(a)(1) or 1959(a)(2), the plain language of the statute is broad enough to cover myriad acts of omission that do not involve *any* force—much less the "violent force" that is a prerequisite to constitutional application of the elements clause. And under the categorical approach, a § 924(c) conviction cannot rest on a statute that reaches conduct that is not categorically a "crime of violence."

> 3.      *Maiming is not categorically a crime of violence and thus cannot support Mr. Johnson's 924(c) convictions.*

A similar analysis of Mr. Johnson's "maiming" charges leads to the same conclusion. The indictment fails to identify a particular statute defining maiming, and the jury instructions say even less about maiming than they do about murder. In fact, the relevant counts are referenced numerically and never described. As a result, it is impossible to determine whether Mr. Johnson was convicted of crimes that would categorically qualify as "crimes of violence."

Additionally, maiming under § 1959(a)(2) suffers from the same defects as murder, described in Section II.B.2: it can be committed by acts of omission that do not require any physical force whatsoever. Maiming is an assault, which itself does not require actual violent physical force. *See United States v. Royal,* 731 F.3d 333, 341 (4th Cir. 2013). Moreover, the intent element of maiming does not convert assault into a "violent felony" because it can be accomplished merely by *causing* injury rather than the use of strong physical force. *See Torres-Miguel,* 701 F.3d at 168 ("Not to recognize the distinction between a use of force and a result of injury is not to recognize the 'logical fallacy . . . that simply because all conduct involving a risk of the use of physical force also involves a risk of injury then the converse must also be true.'" *Id.* at 169.)

22

4.    *Mr. Johnson's 924(c) convictions cannot rest on assault resulting in serious bodily injury, which is not categorically a crime of violence.*

Count 16 charged Mr. Johnson with "assault resulting in serious bodily injury."  Second Superseding Indictment 376a.  Because no intent is required for such a conviction, this is not categorically a crime of violence and thus does not support a conviction under § 924(c)(1)(A).  *See United States v. Knif*e, 592 F.2d 472, 482 (8th Cir. 1979) ("Section 113(f) requires only that the assault shall have resulted in serious bodily harm; the assault need not have been committed with a dangerous weapon, or with intent to do bodily harm." (citation omitted)).

## C.    Mr. Johnson's § 848(e) Convictions Also Fail to Qualify as Categorical "Crimes of Violence" under § 924(c).

Section 848(e)[6] applies to "any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results."  21 U.S.C. § 848(e)(1)(A).  A violation of § 848(e) for "counsel[ing], command[ing], induc[ing], procur[ing], *or* caus[ing]" a killing categorically fails to qualify as a "crime of violence," and § 848(e) therefore cannot support Mr. Johnson's § 924(c) convictions.

The available *Shepard* documents—the indictment, the jury instructions, and the verdict form—fail to establish the alleged § 924(c) predicate.  The indictment alleged that Mr. Johnson both "killed" and "counseled, commanded, induced, procured, and caused" the killing.  The jury instructions add to this ambiguity, allowing the jury to convict Mr. Johnson if he "*either*

---

6    Section 848(e) was identified as a possible underlying crime for all of Mr. Johnson's § 924(c) charges but Count 15.

23

intentionally killed, *or* counseled, commanded, induced, procured, *or* caused" the killing.  Jury Instructions 189a (emphasis added).  The jury was never directed to pick one versus the other, and the Court "must assume that the jury followed the instructions given to it by the court." *Hager*, 721 F.3d at 189.  Even the special verdict form left the matter vague, simply referring to the "killing" generally without identifying the role Mr. Johnson was found to have played.[7]  Under the modified categorical approach, this ambiguity ultimately invalidates Mr. Johnson's § 924(c) convictions.

"[C]ounsel[ing], command[ing], induc[ing], procur[ing], *or* caus[ing]" does not qualify as a "crime of violence" because it does not require the necessary use of force.  Like conspiracy, "counseling" or "commanding" only requires interaction with others regarding the underlying actions.  And like conspiracy, such an interaction with a third-party "does not invariably require the actual, attempted, or threatened use of physical force." *Simms*, 914 F.3d at 234.  Because the jury could have convicted Mr. Johnson of carrying a firearm while counseling his co-defendant, the court must assume that Mr. Johnson's § 848(e) conviction rested on this predicate offense— the "least serious of the disjunctive statutory conduct." *Chapman*, 666 F.3d at 228.  And under the categorical approach, the Court must assume that Mr. Johnson's § 924(c) convictions were predicated on § 848(e)'s "counsels, commands, induces" language, which is not categorically a "crime of violence."[8]

---

[7]   In order to be construed as consistent with the jury instructions, the word "killing" must be considered short hand for both clauses of § 848(e).  This Court must assume that the jury followed the jury instructions, which unequivocally instructed that the § 924(c) conviction could be predicated on any of the possible § 848(e) conduct listed. *Hager*, 721 F.3d at 189.

[8]   Counts Nine, Twelve, Twenty, and Twenty-Six included § 848(e) as a possible predicate.

24

While § 848(e) can be categorized as a drug trafficking crime, it can be relied on as either a predicate drug trafficking crime or an underlying crime of violence under § 924(c). *See United States v. Turner*, 198 F.3d 425, 432 (4th Cir. 1999) (concluding that § 848(e)(1)(A) is "a substantive crime of violence"); *United States v. NJB*, 104 F.3d 630, 635 (4th Cir. 1997) (". . . § 848(e) clearly sets forth a separate substantive violent offense . . . ."). And the *Shepard* documents in Mr. Johnson's case fall far short of establishing with "certainty" how § 848(e) was considered by the jury. In the jury instructions, the court never identifies which counts were drug trafficking crimes, merely stating generally that "[t]he offenses alleged . . . are crimes of violence *or* drug trafficking crimes." Jury Instructions 192a (emphasis added). Moreover, the Presentence Investigation Report (PSR) confirms that the § 924(c) convictions relied on "crimes of violence." Indeed, the government itself concluded in the PSR that Mr. Johnson was convicted under § 924(c) based on "Use of a Firearm in Relation to a Crime of Violence." *See* PSR ¶¶ 72, 74, 76, 84, 89 (Counts 9, 12, 15, 20, 26), Apr. 22, 1993; *see id.* ¶ 50 (explaining that "Offense Conduct" descriptions are "based totally on the Government's set of facts" and interviews with Assistant United States Attorney Howard C. Vick Jr.).

The Fourth Circuit has rejected reliance on predicate crimes not expressly designated as such in the PSR, citing to the doctrine of expression *unius est exclusion alterius*. *United States v. Hodge*, 902 F.3d 420, 428 (4th Cir. 2018) ("Where the PSR specifically designates certain convictions as ACCA predicates and declines to designate others, it notifies the defendant that only the designated predicates will be used to support the ACCA enhancement." *Id.* at 427. "Requiring defendants to object to these excluded convictions in anticipation of arguments the Government might make in a subsequent proceeding would undermine the adversarial

25

process . . . ." *Id.* at 428.).  As a result, the court must assume that Mr. Johnson's § 924(c) convictions were based on purported "crimes of violence."

**III.   BECAUSE ALL FIVE OF MR. JOHNSON'S § 924(C) CONVICTIONS ARE INVALID AFTER *DAVIS*, MR. JOHNSON IS ENTITLED TO BE RESENTENCED.**

In light of the foregoing analysis, Mr. Johnson's five § 924(c) convictions are unconstitutional and never should have been before the jury in the first instance.  Where, as here, a defendant has been sentenced on multiple convictions, one of which subsequently is invalidated, "the real question," the Supreme Court has said, is "whether the sentence…might have been different if the [jury] had known that at least two of [Mr. Johnson's] previous convictions had been unconstitutionally obtained." *United States v. Tucker,* 404 U.S. 443, 448 (1972).  Relying upon *Tucker,* courts have held that a defendant must be resentenced on any valid convictions "unless it can be ascertained from the record that a [jury's] sentence on a valid conviction was not affected" by invalid convictions. *Bourgeois v. Whitley,* 784 F.2d 718, 721 (5th Cir. 1986); *see also Jerkins v. United States,* 530 F.2d 1203, 1204 (5th Cir. 1976) (same); *James v. United States,* 476 F.2d 936 (8th Cir. 1973) (same).

The bar is heightened where, as here, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special 'need for reliability in the determination that death is the appropriate punishment' in any capital case." *Johnson v. Mississippi,* 486 U.S. 578, 584 (1988) (citation omitted).  That is because "[t]he decision to exercise the power of the State to execute a defendant is unlike any other decision citizens and public officials are called upon to make." *Mills v. Maryland,* 486 U.S. 367, 383 (1988).  And the Supreme Court has made clear that "[t]he *possibility* that [a defendant's]

26

35a

jury conducted its task improperly certainly is great enough to require resentencing." *Id.* at 384 (emphasis added).

Here, it cannot be ascertained from the record that the jury's death sentence "was not affected" by the unconstitutional § 924(c) convictions. *Whitley,* 784 F.2d at 721. The record fails to eliminate, as it must, the "possibility" that the "jury conducted its task improperly." *Mills*, 486 U.S. at 383. Instead, the record shows that the government relied almost exclusively on evidence from the guilt phase of the trial and "did not put on a great deal of evidence" during the penalty phase. *See* Trial Tr. Vol. XXII, 303a, 306a–307a. In doing so, the government urged the jury to rely upon its findings "in your guilt phase verdict." *Id.* at 307a. Thus, the jury's decision to impose the death penalty was impacted by the invalid § 924(c) convictions. It is inconceivable that the cumulative weight of the five § 924(c) counts upon which the jury was instructed to reach a verdict—but none of which actually constituted a crime—did not impact the jury's decision to impose a sentence of death.

In light of the Eighth Amendment's requirement of reliability in capital sentencing, the "possibility" that the jury improperly relied upon the unconstitutional § 924(c) convictions in sentencing him to death requires that Mr. Johnson be resentenced on the remaining counts.

**CONCLUSION AND PRAYER FOR RELIEF**

For all the reasons set forth above, Mr. Johnson respectfully asks this Court to vacate his convictions and sentences on Counts 9, 12, 15, 20, and 26, the invalid charges under 18 U.S.C. § 924(c).

Mr. Johnson further requests the following relief:

a) That this Court vacate Mr. Johnson's sentences on all of the remaining counts and order a new sentencing proceeding on those counts.

27

b) That this Court grant him leave to amend this motion, including by submitting a supplemental memorandum of law to support it.

c) That this Court schedule a status conference on this motion at the Court's earliest convenience, and order that he be personally present at such conference.

d) Any other relief that may be necessary to correct Mr. Johnson's invalid conviction and sentence and put him back in the position he would have been in were it not for having been convicted of non-existent crimes.

Dated: May 22, 2020                           Respectfully submitted,


                                              /s/Darren M. Welch
                                              Darren M. Welch, VA Bar #: 45985
                                              Skadden Arps Slate Meagher & Flom, LLP
                                              1440 New York Avenue, NW
                                              Washington, DC 20005
                                              Ph: (202) 371-7804
                                              Fax: (202) 661-8267
                                              Email: darren.welch@skadden.com


                                              Donald P. Salzman*
                                              Austin K. Brown*
                                              Kathleen Shelton*
                                              Peyton Chaney*
                                              Skadden Arps Slate Meagher & Flom, LLP
                                              1440 New York Ave. NW
                                              Washington, DC 20005
                                              Ph: (202) 371-7983
                                              Fax: (202) 661-9063
                                              Email: donald.salzman@skadden.com
                                              * pro hac vice to be filed


                                              *Counsel for Corey Johnson*

28