# Appendix A

No. 20-8

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE COREY JOHNSON,

Movant.

CAPITAL CASE

REPLY TO UNITED STATES' RESPONSE TO MOTION FOR
AUTHORIZATION PURSUANT TO 28 U.S.C. §§ 2255(h)(2)

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

# TABLE OF CONTENTS

Page

I.      Mr. Johnson's Motion Meets the Prima Facie Showing of § 2255..................2

II.     The Modified Categorical Approach Controls The Analysis Where the Predicates for § 924(c) Convictions Cannot Be Identified with Certainty..................................................................................................4

        A.      The Modified Categorical Approach is Used to Determine the Predicates Upon Which § 924(c) Convictions Rest...........................5

        B.      The Government's Factually Based Harmless Error Analysis is Inapposite. ...................................................................................7

CONCLUSION .....................................................................................................11

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*Brecht v. Abrahamson*,
　507 U.S. 619 (1993)......................................................................................8

*In re Gomez*,
　830 F.3d 1225 (11th Cir. 2016) ....................................................................11

*In re Hammoud*,
　931 F.3d 1032 (11th Cir. 2019) ......................................................................3

*In re Hoffner*,
　870 F.3d 301 (3d Cir. 2017) ...........................................................................3

*In re Hubbard*,
　825 F.3d 225 (4th Cir. 2016) .......................................................................1, 3

*In re Irby*,
　858 F.3d 231 (4th Cir. 2017) ..........................................................................3

*Mathis v. United States*,
　136 S. Ct. 2243 (2016)....................................................................................5

*In re Mullins*,
　942 F.3d 975 (10th Cir. 2019) ........................................................................2

*Shepard v. United States*,
　544 U.S. 13 (2005)................................................................................5, 9, 10

*Smith v. United States*,
　508 U.S. 223 (1993)......................................................................................10

*Taylor v. United States*,
　495 U.S. 575 (1990)........................................................................................4

*Uhuru v. United States*,
　140 S. Ct. 639 (2019)......................................................................................5

*United States v. Berry*,
　No. 3:09-cr-00019, 2020 WL 591569 (W. D. Va. Feb. 6, 2020)...................6

ii

*United States v. Boykin*,
669 F.3d 467 (4th Cir. 2012) ...........................................................8, 9

*United States v. Castillo-Marin*,
684 F.3d 914 (9th Cir. 2012) ...............................................................8

*United States v. Chapman*,
666 F.3d 220 (4th Cir. 2012) .............................................................5, 7

*United States v. Clay*,
627 F.3d 959 (4th Cir. 2010) ...............................................................5

*United States v. Dantzler*,
771 F.3d 137 (2d Cir. 2014) ................................................................8

*United States v. Davis*,
139 S. Ct. 2319 (2019)......................................................................1, 2

*United States v. Dixon*,
789 Fed. Appx. 371 (4th Cir. 2020) ......................................................2

*United States v. Evans*,
848 F.3d 242 (4th Cir. 2017) ...............................................................4

*United States v. Fuertes*,
805 F.3d 485 (4th Cir. 2015) ......................................................4, 9, 10

*United States v. Hare*,
820 F.3d 93 (4th Cir. 2016) ...............................................................10

*United States v. Hastings*,
134 F.3d 235 (4th Cir. 1998) ...............................................................9

*United States v. Jefferson*,
674 F.3d 332 (4th Cir. 2012) ...............................................................9

*United States v. Lettiere*,
No. CR 09-049-M-DWM, 2018 WL 3429927 (D. Mont. July 16, 2018) ...................................................................................................6

*United States v. MacDonald*,
641 F.3d 596 (4th Cir. 2011) ...............................................................2

*United States v. Mathis*,
    932 F.3d 242 (4th Cir. 2019) ...............................................................4

*United States v. McCall*,
    No. 3:10CR170-HEH, 2019 WL 4675762 (E.D. Va. Sept. 25, 2019) ............5

*United States v. Robinson*,
    627 F.3d 941 (4th Cir. 2010) ...............................................................9

*United States v. Savoires*,
    430 F.3d 376 (6th Cir. 2005) ..............................................................11

*United States v. Simms*,
    914 F.3d 229 (4th Cir.) (en banc) *cert. denied*, 140 S. Ct. 304 (2019) ...4, 6, 7

*United States v. Steward*,
    793 F. App'x 188 (4th Cir. 2019)...........................................................9

*United States v. Vann*,
    660 F.3d 771 (4th Cir. 2011) ..............................................................5, 7

*United States v. Wilson*,
    Nos. 18-1079 & 18-1097, 2020 WL 2603219 (3d. Cir. May 22, 2020) .........9

*In re Williams*,
    330 F.3d 277 (4th Cir. 2003) ..............................................................1, 3

## STATUTES

§ 2255.........................................................................................................3

§ 2255(h)(2) .................................................................................................2

§ 848(e) ...................................................................................................6, 11

§ 924(c)(3)(B) ...............................................................................................3

18 U.S.C. § 1959................................................................................6, 10, 11

18 U.S.C. § 924(c) ..............................................................1, 3, 4, 5, 6, 7, 8, 9

2244(b)(3)(C) ................................................................................................2

28 U.S.C. § 2244(b)(3)..................................................................................2

iv

§ 924(2) ........................................................................................................6

The United States' Response to Mr. Johnson's Motion for Authorization (hereafter "Response") inappropriately focuses exclusively on the merits of Mr. Johnson's claims, and does not address the prima facie elements governing this Court's consideration of the Motion. Ignoring his prima facie showing and reframing collateral questions that would be considered by the district court, the Government erects a series of procedural strawmen. The Government's effort to shift attention from Mr. Johnson's claim under *United States v. Davis*, 139 S. Ct. 2319 (2019)—which clearly "warrant[s] a fuller exploration by the district court"—is ultimately unavailing. *In re Hubbard*, 825 F.3d 225, 232 (4th Cir. 2016) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)). This Court should grant Mr. Johnson's Motion because he clears what this Court has called the "relatively low bar" that a movant must overcome at this stage by satisfying each of the § 2255 requirements and setting forth a "plausible" claim on the merits. *Hubbard*, 825 F.3d at 230-31. In addition, the Government's fact-based plain error review does not apply, and, under the modified categorical approach, Mr. Johnson's 18 U.S.C. § 924(c) convictions can no longer stand.

## I.    MR. JOHNSON'S MOTION MEETS THE PRIMA FACIE SHOWING OF § 2255.

This Court's inquiry is to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)(3)]." 28 U.S.C. § 2244(b)(3); 2255(h); *United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011) ("[Section] 2255(h) spells out the standard applicable to those in federal custody."). The Government utterly fails to address the prima facie elements governing this Court's evaluation of the Motion for Authorization; namely, whether a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" applies to Mr. Johnson's claim. §§ 2255(h)(2), 2244(b)(3)(C). The Government all but concedes that the answer to this question is unequivocally, "yes."

*Davis* certainly relates directly to Mr. Johnson's convictions and is a new rule of constitutional law. 139 S. Ct. 2319. Furthermore, the Supreme Court made *Davis* retroactively applicable to cases on collateral review. § 2255(h)(2); s*ee, e.g.*, *United States v. Dixon*, 789 Fed. Appx. 371 (4th Cir. 2020) (granting certificate of appealability where parties agreed *Davis* applies retroactively); *see also In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) ("We conclude that the Supreme Court has made *Davis* retroactively applicable to cases on collateral review."). Because *Davis* was made available *after* Mr. Johnson's direct review concluded in 1997, he satisfies the threshold for a Motion for Authorization.

The Government ignores that this Court's inquiry should be merely a glancing one, instead delving deep into the merits of Mr. Johnson's claim. For this Court to follow the Government's lead, it would reach beyond established precedent. *See Hubbard*, 825 F.3d at 231 ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."); *see also In re Hammoud*, 931 F.3d 1032, 1040–41 (11th Cir. 2019) (reaffirming that the district court in the first instance will consider the merits of a § 2255 motion); *In re Hoffner*, 870 F.3d 301, 309 (3d Cir. 2017) ("It is for the district court to evaluate the merits of the second or successive habeas petition in the first instance.").

Moreover, the Government's argument about the constitutionality of § 924(c)(3)(B) has no support. As Mr. Johnson showed in his Motion for Authorization, his § 924(c) convictions are directly impacted by *Davis*, which held that the residual clause of § 924(c)(3)(B) is unconstitutional. *See* Motion for Authorization, ECF No. 2-1, at 15–16. Likewise, the Government's assertion that none of Mr. Johnson's convictions depended on § 924(c)(3)(B) is incorrect as a matter of fact and the law. The Government merely cites to *In re Irby* to establish that Mr. Johnson "must make a 'plausible' claim for relief" 858 F.3d 231, 233 (4th Cir. 2017), yet proceeds to make a merits argument that is properly suited for the district court. *See, e.g.*, *Hubbard*, 825 F.3d at 231; *Williams*, 330 F.3d at 282

3

("While this determination may entail a cursory glance at the merits—for example, an applicant cannot show that he would not have been convicted 'but for constitutional error' without adequately alleging some constitutional violation—the focus of the inquiry must always remain" on the prima facie standard).

## II.   THE MODIFIED CATEGORICAL APPROACH CONTROLS THE ANALYSIS WHERE THE PREDICATES FOR § 924(C) CONVICTIONS CANNOT BE IDENTIFIED WITH CERTAINTY.

The Government's analysis is not only premature, but it also ignores the categorical approach, a well-established standard in Fourth Circuit and Supreme Court caselaw.  As detailed in Mr. Johnson's proposed Motion to Vacate, this Court applies the categorical approach to determine whether a crime constitutes a valid § 924(c) predicate.  *See United States v. Evans*, 848 F.3d 242, 245-46 (4th Cir. 2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).  To conduct this analysis, courts "must look only to the statutory definitions"—*i.e.*, the elements—of a defendant's offense and "not to the particular facts underlying [the offense]." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also United States v. Simms*, 914 F.3d 229, 233 (4th Cir.) (en banc) *cert. denied*, 140 S. Ct. 304 (2019).  If necessary, the court may employ the modified categorical approach, and consult a select few documents to help "'determine what crime, with what elements,' formed the basis of a defendant's conviction." *United States v. Mathis*,

932 F.3d 242, 264 (4th Cir. 2019) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)), *cert. denied, Uhuru v. United States*, 140 S. Ct. 639 (2019).

Applying the modified categorical approach, the record does not establish Mr. Johnson's § 924(c) predicates with the requisite "certainty," the fact-based, plain error analysis proposed by the Government does not apply, and Mr. Johnson's § 924(c) convictions must be vacated.

### A.    The Modified Categorical Approach is Used to Determine the Predicates Upon Which § 924(c) Convictions Rest.

Under the modified categorical approach, an offense cannot qualify as a § 924(c) predicate unless the *Shepard* documents—indictment, jury instructions, and verdict—establish with "certainty" that the defendant was "necessarily" convicted of an offense that qualifies as a valid § 924(c) predicate. *Shepard v. United States*, 544 U.S. 13, 21, 25-26 (2005); *United States v. Clay*, 627 F.3d 959, 966 (4th Cir. 2010) ("plausibility or even likelihood" is not enough).

When the *Shepard* documents do not conclusively establish the predicate, the court must assume that the defendant was convicted of the "least serious" offense. *United States v. Vann*, 660 F.3d 771, 775 (4th Cir. 2011) (en banc); *United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012). A § 924(c) conviction cannot be sustained if one of the possible predicates is not categorically a crime of violence. *United States v. McCall*, No. 3:10CR170-HEH, 2019 WL 4675762, at *6–7 (E.D. Va. Sept. 25, 2019) (vacating § 924(c) conviction post-

*Davis* because jury could have based § 924(c) verdict on an offense not constituting crime of violence); *United States v. Berry*, No. 3:09-cr-00019, 2020 WL 591569, at *3 (W. D. Va. Feb. 6, 2020) (same); *United States v. Lettiere*, No. CR 09-049-M-DWM, 2018 WL 3429927, at *4 (D. Mont. July 16, 2018) (same).

Here, the *Shepard* documents fall far short of establishing with "certainty" the predicates upon which the § 924(c) convictions relied, identifying as many as four types of § 1959 conduct and just as many types of § 848(e) conduct. Without wading into the kind of merits discussion provided in Mr. Johnson's proposed Motion to Vacate and reserved for the District Court, even a brief glance at these two statutes demonstrates that his § 924(c) convictions can no longer be sustained. First, the jury instructions allowed the jury to convict Mr. Johnson under § 924(c) based on § 1959 conspiracy. Jury Instructions, ECF No. 2-3, at 191a. But the Fourth Circuit has made clear that conspiracy does not qualify as a categorical "crime of violence" and thus cannot support a § 924(c) conviction. *Simms*, 914 F.3d at 233-34.[1] Second, according to the jury instructions, Mr. Johnson could have been guilty of § 924(c) based on § 848(e) if he "*either* intentionally killed, *or* counseled, commanded, induced, procured, *or* caused" the killing. Jury Instructions, ECF No. 2-3, at 189a (emphasis added). Like conspiracy,

---

[1] Conduct described in 18 U.S.C. § 1959, even if drug-related, cannot constitute a "drug-trafficking crime" under the narrow definition found in § 924(2).

6

"counseling" or "commanding" only requires interaction with others regarding the underlying actions. And like conspiracy, such an interaction with a third-party "does not invariably require the actual, attempted, or threatened use of physical force." *Simms*, 914 F.3d at 234. Because the jury could have convicted Mr. Johnson of carrying a firearm for either of these offenses and neither qualifies as a valid § 924(c) predicate, even an inquiry beyond a cursory glance shows that the § 924(c) convictions are no longer supported.[2] *See Chapman*, 666 F.3d at 228; *Vann*, 660 F.3d at 774-75 (4th Cir. 2011) (en banc).

### B. The Government's Factually Based Harmless Error Analysis is Inapposite.

The Government argues that ambiguity "makes no difference," urging this Court to ignore the binding precedent in the Supreme Court and this Circuit requiring the modified categorical approach (which forbids a factual inquiry) and instead conduct a fact-based harmless error analysis. But harmless error analysis does not allow the Court to simply switch to a fact-based inquiry when faced with an error requiring the modified categorical approach.

When evaluating the kind of *Shepard* error described above, this Circuit and others have remained faithful to the modified categorical approach, rejecting any

---

[2]  Mr. Johnson's proposed Motion to Vacate discusses the fact that these are not the only potential predicates that no longer support a § 924(c) conviction following *Davis*.

7

alternative factual inquiry.  *See United States v. Boykin*, 669 F.3d 467, 472 (4th Cir. 2012) (applying modified categorical approach and looking only to approved *Shepard* documents even on plain error review); *United States v. Dantzler*, 771 F.3d 137, 148 (2d Cir. 2014) (same); *United States v. Castillo-Marin*, 684 F.3d 914, 926 (9th Cir. 2012) (same).  Although these cases involved plain error on direct appeal, the analysis still applies here because the third prong of plain error analysis—the prejudice inquiry—assessed in those cases is identical to the harmless error inquiry on collateral review.  Both ask whether the error had a "substantial and injurious effect" on the outcome of the proceeding.  *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (citation omitted).  In conducting this "substantial and injurious effect" inquiry, this Court in *Boykin* and its sister circuits in *Dantzler* and *Castillo-Marin* refused to engage in a fact-based analysis.  *See Boykin*, 669 F.3d at 472; *Dantzler*, 771 F.3d at 148; *Castillo-Marin*, 684 F.3d at 919–20.  Instead, these three courts faithfully followed the modified categorical approach and, without looking to the facts, concluded that the defendant's substantial rights were affected because the *Shepard* error resulted in an increase in sentence.  Likewise, Mr. Johnson's substantial rights were affected in this case, because not only did the § 924(c) charges here add numerous consecutive years to his sentence, they resulted in invalid convictions.

8

In refusing to adhere to the correct harmless error analysis in *Boykin*, and instead asking the Court to presume, based on the *facts* of the case, that Mr. Johnson's § 924(c) convictions *could* have rested on valid predicates, the Government does an end run around the categorical/modified categorical approach, which forbids "evidentiary enquiries into the factual basis" to determine what the jury *could* have found. *Shepard*, 544 U.S. at 20; *Fuertes*, 805 F.3d at 498 (explaining in context of a § 924(c) analysis that "[t]he point of the categorical inquiry is not to determine whether the defendant's *conduct could* support a conviction for a crime of violence, but to determine whether the defendant *was in fact* convicted of a crime that qualifies as a crime of violence" (citation omitted)).

And the harmless error cases cited by the Government are inapposite because none evaluated an element requiring the application of the categorical/modified categorical approach. *See United States v. Robinson*, 627 F.3d 941, 954 (4th Cir. 2010); *United States v. Hastings*, 134 F.3d 235, 243-44 (4th Cir. 1998); *United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012).[3]

---

[3]  Although *United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) (per curiam), *petition for cert. docketed*, No. 19-8043 (U.S. Mar. 18, 2020) involved the § 924(c) "crime of violence" element, it is an unpublished decision with little reasoning, altogether failed to address the application of the categorical/modified categorical approach, and is neither binding nor persuasive. *United States v. Wilson*, Nos. 18-1079 & 18-1097, 2020 WL 2603219 (3d. Cir. May 22, 2020), suffers from identical flaws.

The fact-based analysis proposed by the Government would defeat the purpose of the elements-based categorical/modified categorical approach. *See Shepard*, 544 U.S. at 20; *see also Fuertes*, 805 F.3d at 498. Adopting its inquiry would result in the very fact-based approach that the Supreme Court rejected in *Davis* for the § 924(c) "crime of violence" definition.

Here, the *Shepard* documents do not establish that Mr. Johnson was necessarily convicted of a § 924(c) conviction based on a valid predicate. Under *Chapman* and *Vann*, the predicate is assumed to be the "least serious" offense, for example, § 1959 conspiracy. In turn, Mr. Johnson was wrongfully convicted of a § 924(c) offense—an error that is plainly harmful.

Moreover, the jury instructions allowed for a non-unanimous verdict on the underlying offense, underscoring the ambiguity and harmfulness of the *Shepard* errors. Despite the Government's claims, being convicted of the underlying offenses does not lend credence to Mr. Johnson's § 924(c) convictions.[4] Section 924(c) is an entirely separate offense that requires, as an additional element, the use of a firearm *during and in relation to* the underlying predicate offense. *See Smith v. United States*, 508 U.S. 223, 227-28 (1993). The court specifically instructed Mr. Johnson's jury that it could base § 924(c) guilt on a range of

---

[4]   The Government's citation to *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016), is equally unpersuasive because the special verdict form "clearly show[e]d" the predicates underlying the § 924(c) verdict.

possible predicates under § 1959 and § 848(e), Jury Instructions, ECF No. 2-3, at 189a, 191a, without requiring unanimity on any one underlying offense.  Some jurors could have convicted based on use of firearm during and in relation to § 1959 conspiracy (no longer a valid offense post-*Davis*), while others could have convicted based on § 848(e) counseling or on § 1959 maiming.  *See In re Gomez*, 830 F.3d 1225, 1227–28 (11th Cir. 2016) (describing such ambiguity and finding it harmful); *United States v. Savoires*, 430 F.3d 376, 380-81(6th Cir. 2005) (same). The real risk of a non-unanimous verdict only exacerbates the harmfulness of the *Shepard* error here.  Mr. Johnson's ambiguous verdict is harmful error that renders his § 924(c) convictions void.

## CONCLUSION

For all the above reasons, Mr. Johnson respectfully requests that this Court grant his motion and authorize the district court to consider his § 2255 Motion.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

11

Counsel for Corey Johnson

12

13

# CERTIFICATE OF COMPLIANCE

1.      This brief contains 2,537 words, excluding the parts of the brief exempted

from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.      This brief complies with the font, spacing, and type size requirements set

forth in Local Rule 32(a)(5) and (a)(6).

/s/ Donald P. Salzman

## CERTIFICATE OF SERVICE

I certify that on this 9th day of June 2020, the foregoing document was

served on all parties or their counsel of record though the CM/ECF system and will

be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

Dated: June 9, 2020                          /s/ Donald P. Salzman
                                             Skadden, Arps, Slate, Meagher &
                                             Flom LLP
                                             1440 New York Avenue, N.W.
                                             Washington, D.C. 20005
                                             (202) 371-7983
                                             donald.salzman@skadden.com

                                             Counsel for Corey Johnson

14