IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: COREY JOHNSON | ) | |
| | ) | |
| | ) | No. 20-8 |
| Movant | ) | |
| | ) | |

**United States' Response to Motions to Hold in Abeyance
and Leave to File Reply**

Defendant requests that this Court hold in abeyance his application for permission to file a successive motion under 28 U.S.C. § 2255 pending this Court's ruling in *United States v. Taylor*, No. 19-7616. In *Taylor* a defendant is challenging his guilty plea to a count charging a violation of 18 U.S.C. § 924(c) where there is one valid predicate and one that the government concedes is not valid. For several reasons, defendant's request to hold his application in abeyance pending the ruling in *Taylor* should be denied.

*First*, under 28 U.S.C. § 2244(b)(3)(D), "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." Of course, in adjudicating an application for permission to file a successive motion under 28 U.S.C. § 2255, this Court has concluded that the 30-day deadline is neither mandatory nor jurisdictional. *See In re Vial*, 115 F.3d 1192, 1194 n.3 (4th Cir. 1997) (en banc). But that is not to say that the 30-day window should be simply discarded or ignored, and this Court has

1

not done so.  The provision is "hortatory," *In re Siggers*, 132 F.3d 333, 336 (6th

Cir. 1997), and courts properly "make a diligent, good-faith effort to comply with

the 30-day time limit," *Rodriguez v. Superintendent, Bay State Correctional*

*Center*, 139 F.3d 270, 273 (1st Cir. 1998), abrogated in part on other grounds,

*Bousley v. United States*, 523 U.S. 614 (1998).  Defendant's prior applications

raising a constitutional vagueness challenge to his § 924(c) convictions were

decided within the 30-day period, and this application, which also raises a

constitutional vagueness challenge, should be too.

Second, the pending appeal in *Taylor* involves a defendant's challenge to a

§ 924(c) with multiple predicate offenses after a guilty plea—not a trial as in this

case.  The defendant's arguments in *Taylor* turn on precedent interpreting the

effect of guilty pleas.  Although, as the United States argues in *Taylor*, the

defendant's admissions there to a valid predicate should foreclose relief for

multiple reasons, the arguments there naturally center on the effect of guilty pleas.

But defendant did not plead guilty.  As the United States has already explained in

its response to defendant's application, this Court and the Supreme Court have

existing precedent governing alternative theories of guilt at trial, and that precedent

forecloses relief here given, at a minimum, the drug-trafficking predicates that are

unaffected by any constitutional vagueness challenge.  Even on direct appeal,

defendant's unpreserved claim of error that there were other (purportedly)

defective predicates would fail.  *See, e.g., United States v. Steward*, 793 F. App'x

2

188, 190 (4th Cir. 2019) ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction."); *United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010) (erroneous "use" instruction in § 924(c) harmless given alternative "possession" instruction, even if "use" and "possession" theories created distinct offenses and even though jury returned general verdict); *United States v. Wilson*, – F.3d –, 2020 WL 2603219, at *10 (3d Cir. May 22, 2020) ("The District Court instructed the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime.  And the jury convicted both defendants on both bank-robbery counts.  So the instruction about conspiracy did not matter.  Even if it was erroneous, any error was harmless.") (citations omitted).  Moreover, the harmlessness standard poses an even greater hurdle to relief on collateral review.  *See, e.g., United States v. Smith,* 723 F.3d 510, 512 (4th Cir. 2013).

Notably, contrary to what defendant claims, the harmlessness of any purported error is a proper basis to deny authorization to file a successive § 2255.  "[W]hile the prima facie showing is a *necessary condition* to receive prefiling authorization, the statute does not *limit* this court to considering *only* this necessary

3

condition." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (citing *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)).

*Third*, in *Taylor,* the United States has agreed that one of the predicates for the § 924(c) count to which the defendant pleaded guilty no longer qualifies as a valid predicate—conspiracy to commit Hobbs Act robbery.  Here, in contrast, defendant fails to show that any of the predicates are invalid.  Although the Supreme Court has now invalidated § 924(c)(3)(B), this Court's recent precedent establishes that all of the predicate offenses in this case satisfy either § 924(c)(2) or § 924(c)(3)(A).

*Fourth*, defendant seeks to have his case held in abeyance because of arguments that he invokes for the first time in a reply brief.  Unsurprisingly, these new arguments focus on precedent governing pleas that were raised in *Taylor*, such as *United States v. Vann*, 660 F.3d 771, 775 (4th Cir. 2011) (en banc), and seek to build a bridge to support his request to hold this application in abeyance.  But new arguments raised in a reply brief are waived.  *See, e.g., United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013).  These new arguments also make little sense. According to defendant's reply brief, juries do not decide whether a defendant committed a particular predicate offense; rather, somehow that question is answered by applying the categorical approach.  That is wrong.

Although a number of defendants, like the one in *Taylor*, have made this argument, it is obviously mistaken.  It is of course true that the *classification* of a

4

federal crime as a crime of violence under § 924(c)(3) is a question of law answered by the court using the categorical approach. *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . . Any error in submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled."). But the jury decides the *factual* question of whether a defendant committed a particular predicate offense. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) ("In Hopkins' case, the jury was explicitly instruction on [18 U.S.C.] § 111(b) as the predicate offense, and the evidence was more than sufficient for the jury to find a violation of each and every element."). And the jury decides whether the requisite relationship has been established between the firearm and the predicate offense. *See, e.g., United States v. Lomax*, 293 F.3d 701, 705(4th Cir. 2002). These are not questions of law answered by a court under the categorical approach, and as questions of fact, errors in the jury instructions on those questions are subject to ordinary harmlessness analysis. Defendant's attempt to invoke the categorical approach to preclude a harmlessness inquiry is the legal equivalent of throwing a "Hail Mary" when no viable path to victory remains. But this Court does not "authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F.3d at 271.

The United States does not object to defendant filing a reply brief.  But this Court should decline to hold his application in abeyance pending *Taylor* and should decline to permit defendant to pursue new arguments that attempt to convert defendant's arguments into those made in *Taylor*.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     _____/s/_____

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

6

## Certificate of Service and Compliance

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27.  I also certify that on June 10, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

_____/s/_____

Richard D. Cooke

Assistant United States Attorney

U.S. Attorney's Office

Eastern District of Virginia

919 East Main Street, Suite 1900

SunTrust Building

Richmond, Virginia 23219

(804) 819-5471

richard.cooke@usdoj.gov
