No. 20-8

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**IN RE COREY JOHNSON,**

**Movant.**

_____

## CAPITAL CASE

## REPLY TO UNITED STATES' RESPONSE TO MOTION TO HOLD IN ABEYANCE PENDING DECISION BY THIS COURT IN *TAYLOR V. UNITED STATES*

Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

The Government's Response to Mr. Johnson's Motion to Hold in Abeyance (hereafter "Response") rests on reasoning that is irrelevant to Mr. Johnson's motion—and, at times, plainly wrong.[1]

First, the Government is incorrect that granting Mr. Johnson's Motion to Hold in Abeyance will somehow discard the 30-day deadline to rule on Mr. Johnson's Motion for Authorization.  The Government takes the position that this Court may exceed the 30-day window, Response, ECF No. 16, at 1, and this Court has, in fact, held cases in abeyance when subject to the deadline for motions for authorization.  *See In re Vial*, 115 F.3d, 1192, 1194 n.3 (4th Cir. 1997); *In re Phillips*, 879 F.3d  542, 543 (4th Cir. 2018) (placing defendant's motion in abeyance for two years, pending review of a district court's decision).

Second, the Government attempts to dismiss *Taylor* because it involves a guilty plea.  However, this Court applies the modified categorical approach to jury trials in the same way that it applies to guilty pleas.  *See United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) (*en banc*) ("[I]n trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be

---

[1] The Government's assertion that Mr. Johnson has pursued new arguments in his Reply is equally wrong.  *See, e.g.*, Motion for Authorization to File a Successive Motion Pursuant to 28 U.S.C. §§ 2255(h)(2), ECF No. 2-1, at 11, 15–16.

1

sentenced—in the absence of a special verdict form identifying the factual bases for conviction—to a term of imprisonment exceeding the statutory maximum for the 'least-punished' of the disjunctive statutory conduct.");[2] *see also, e.g.*, *United States v. Mathis*, 932 F.3d 242, 266-67 (applying the modified categorical approach to jury trial); *United States v. McCall*, No. 3:10CR170-HEH, 2019 WL 4675762, at *6-7 (E.D. Va. Sept. 25, 2019) ("[T]he potential that McCall may have been found guilty by the jury based on co-conspirator liability is precisely why the Virginia offenses may not serve as valid predicate violent felonies for § 924(c) in this case.").

Finally, the Government's Response yet again improperly focuses on a merits analysis, without acknowledging that such arguments are inappropriate for this Court and have no bearing on Mr. Johnson's Motion to Hold in Abeyance. The Government's assertions that Mr. Johnson's claims are not related to *Taylor* are misleading and wrong. This Court has repeatedly acknowledged that the question in *Taylor* is important and relevant to cases involving multiple

---

[2] "[I]f Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute." *Id*. at 776.

predicate offenses. *See, e.g.*, Order, *In re Timothy Wallace*, No. 20-254 (May 29, 2020 4th Cir.) (holding case in abeyance pending decision in *Taylor*); Order, *United States v. Myers*, No. 20-6336 (Apr. 1 2020 4th Cir.) (same); Order, *United States v. Triggs*, No. 16-7774 (Mar. 9, 2020 4th Cir.) (same).

For the reasons set forth above, Mr. Johnson respectfully requests that his case be held in abeyance until *United States v. Taylor* is resolved by this Court.

Respectfully submitted,


/s/Donald P. Salzman
Donald P. Salzman
Austin K. Brown
Kathleen Shelton
Peyton Chaney
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com


Counsel for Corey Johnson

## CERTIFICATE OF COMPLIANCE

1.     This motion contains 532 words, excluding the parts of the motion exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.     This motion complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5) and (a)(6).

/s/ Donald P. Salzman

4

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of June 2020, the foregoing document was served on all parties or their counsel of record though the CM/ECF system and will be served electronically via email on the attorney listed below:

Richard Cooke, Esq.
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Richard.Cooke@usdoj.gov

Dated: June 12, 2020                                    /s/ Donald P. Salzman
Skadden, Arps, Slate, Meagher &
Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

5