IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: COREY JOHNSON | ) ) ) ) ) ) | No. 20-8 |
| Movant |  |  |

**United States' Response to Motion to Hold in Abeyance
And Request to Take Successive § 2255 Application Out of Abeyance**

On May 22, 2020, defendant applied for permission to file a successive motion under 28 U.S.C. § 2255, challenging his five convictions under 18 U.S.C. § 924(c).  Defendant contends that his § 924(c) counts are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), because, according to him, the predicate offenses for those § 924(c) counts depend on § 924(c)(3)(B) (the "residual clause"), which *Davis* invalidated as unconstitutionally vague.  But *Davis* offers no valid basis for relief.  Defendant's § 924(c) convictions remain valid notwithstanding the unconstitutionality of the residual clause.  This Court should accordingly deny defendant's request to hold his application in abeyance for a ruling in *United States v. Dickerson*, no. 20-6578, which will not change the proper result here no matter how this Court resolves it.  Proceeding to resolve the motion is particularly appropriate in light of 28 U.S.C. § 2244(b)(3)(D), which provides that "[t]he court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion."

1

Moreover, although this Court separately on November 3, 2020, *sua sponte* placed defendant's application in abeyance pending this Court's decision in *United States v. Ortiz-Orellana*, no. 16-4844, the appeal in *Ortiz-Orellana* involves no § 924(c) convictions with multiple predicates and otherwise has no relevance here. The United States respectfully requests that defendant's application not be held in abeyance for a ruling in *Ortiz-Orellana*.

## I.

Following a jury trial, Defendant Corey Johnson received seven death sentences for his role in a drug organization that carried out at least ten murders. Defendant's seven death sentences were imposed for convictions under 21 U.S.C. § 848(e)(1)(A), which prohibits a murder committed by a person engaging in a continuing criminal drug enterprise. He did not receive a death sentence on the § 924(c) convictions.

In addition to the murder convictions under § 848(e)(1)(A) and the § 924(c) counts, defendant was also convicted of conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(a); five counts of committing violent crimes in aid of racketeering (VICAR), in violation of 18 U.S.C. § 1959; and two counts of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Tipton*, 90 F.3d 861, 869–70 (4th Cir. 1996).

In the first of the murders of which defendant was convicted (count 8) occurred in mid-January 1992. Defendant used a semi-automatic weapon to gun down Peyton Johnson, rival drug dealer, at a tavern. *Tipton*, 90 F.3d at 868. Less than two weeks later, on January 29, 1992, defendant murdered Louis Johnson (count 11). *Id.* at 869. For that offense, defendant approached Louis Johnson in an alley and began shooting at him because defendant believed him to have previously threatened defendant while acting as a bodyguard for a rival drug dealer. *Id.* While Louis Johnson lay on the ground, either defendant or another codefendant shot him twice at close range. *Id.*

The third, fourth, and fifth murders (counts 17, 18, and 19) occurred on February 1, 1992. These murders began with a drug debt owed by Dorothy Mae Armstrong and ended in her death by gunfire. Defendant located Armstrong at her brother's home, approached the home, and opened fire on Armstrong and Anthony Carter. *Id.* Armstrong's brother, Bobby Long, fled out the front door but was fatally shot by defendant in the front yard. *Id.*

The sixth and seventh murders (counts 24 and 25) occurred in early February 1992 and resulted in the deaths of Curtis Thorne and Linwood Chiles. Defendant, along with codefendant Richard Tipton, shot Chiles at close range after instructing him to place his head on the steering wheel of his car. *Id.*; *United States v. Roane*, 378 F.3d 382, 389 n.6 (4th Cir. 2004). Defendant and Tipton also murdered Thorne by gunfire. Thorne's autopsy report indicated he had been hit by bullets

3

from two different directions. *Id.* Two other passengers in the car, Gwen and Priscilla Greene, were also critically wounded in this attack. *Id.*

A jury found defendant guilty of all seven § 848(e)(1)(A) murders discussed above, as well as eleven counts of committing violent crimes in aid of racketeering activity under 18 U.S.C. § 1959. Two of those counts (counts 29 and 30) related to the maiming of Gwen and Priscilla Greene during the attack on Chiles and Thorne. Two other convictions under § 1959 stemmed from defendant's murder of Torrick Brown (count 14) and wounding of Martha McCoy (count 16). Defendant, Roane, and Lance Thomas located Brown at his apartment on the evening of February 1, 1992, and, armed with semi-automatic weapons, opened fire on Brown as he approached his doorway, killing him. *Tipton*, 90 F.3d at 869.

In defendant's present application for permission to file a successive § 2255 challenges solely his convictions under § 924(c), which run consecutively to his death sentences. The predicate offenses for his § 924(c) counts are as follows, and the jury returned separate guilty verdicts on each predicate offense:

| *§ 924(c) count* | *Date* | *Predicate offenses* | |
|---|---|---|---|
| Count 9 | Jan. 14, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 8 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Peyton Maurice Johnson) |
| | | Count 10 | (18 U.S.C. § 1959, VICAR murder of Peyton Maurice Johnson) |
| Count 12 | Jan. 29, 1992 | Count 1 | (21 U.S.C. § 846) |

4

|  |  | Count 11 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Louis J. Johnson, Jr.) |
|  |  | Count 13 | (18 U.S.C. § 1959, VICAR murder of Louis J. Johnson, Jr.) |
| Count 15 | Feb. 1, 1992 | Count 1 | (21 U.S.C. § 846) |
|  |  | Count 14 | (18 U.S.C. § 1959, VICAR murder of Torrick Brown, Jr.) |
|  |  | Count 16 | (18 U.S.C. § 1959, VICAR assault with serious bodily injury of Martha McCoy) |
| Count 20 | Feb. 1, 1992 | Count 1 | (21 U.S.C. § 846) |
|  |  | Count 17 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Bobby Long) |
|  |  | Count 18 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Anthony Carter) |
|  |  | Count 19 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Dorothy Mae Armstrong) |
|  |  | Count 21 | (18 U.S.C. § 1959, VICAR murder of Bobby Long) |
|  |  | Count 22 | (18 U.S.C. § 1959, VICAR murder of Anthony Carter) |
|  |  | Count 23 | (18 U.S.C. § 1959, VICAR murder of Dorothy Mae Armstrong) |
| Count 26 | Feb. 19, 1992 | Count 1 | (21 U.S.C. § 846) |
|  |  | Count 24 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Curtis Thorne) |
|  |  | Count 25 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Linwood Chiles) |
|  |  | Count 27 | (18 U.S.C. § 1959, VICAR murder of Curtis Thorne) |
|  |  | Count 28 | (18 U.S.C. § 1959, VICAR murder of Linwood Chiles) |

Count 29   (18 U.S.C. § 1959, VICAR
           maiming of Priscilla Green)
Count 30   (18 U.S.C. § 1959, VICAR
           maiming of Gwendolyn Green)

II.

As this Court explained in defendant's direct appeal, the murders that formed the basis of the § 924(c) convictions were "all in relation to [defendants Johnson, Tipton, and Roane's] drug-trafficking operation," and the murders occurred "because their victims were suspected of treachery or other misfeasance, or because they were competitors in the drug trade, or because they had personally offended one of the 'partners.'" *Tipton*, 90 F.3d at 868. The close nexus between the § 924(c) counts and defendant's drug trafficking provides one of several reasons why defendant's claims readily fail and why his application to hold his case in abeyance should be denied.

Convictions under 21 U.S.C. § 846 and 21 U.S.C. § 848(e)(1)(A) remain valid predicates under § 924(c) after *Davis*, for those predicate offenses qualify as drug-trafficking offenses under 21 U.S.C. § 924(c)(2), a provision that poses no constitutional vagueness concern. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016). Defendant's present application for permission to file a successive § 2255—like his three previous applications that were denied—offers no persuasive argument that a constitutional vagueness challenge affects § 924(c)(2) or that § 846 and § 848(e)(1)(A) do not count as drug-trafficking

6

crimes. With just those predicates alone, defendant's application must be denied.

Moreover, defendant's seven VICAR murder predicates also remain valid after

*Davis* under § 924(c)(3)(A). *See United States v. Mathis*, 932 F.3d 242, 265 (4th

Cir. 2019). By the same token, because § 848(e)(1)(A) requires proof of a murder,

those offenses also satisfy § 924(c)(3)(A). *In re Irby*, 858 F.3d 231, 236 (4th Cir.

2017) ("[I]t is hard to imagine conduct that can cause another to die that does not

involve physical force against the body of the person killed.").

Given the presence of the § 848(e)(1)(A), § 846, and VICAR murder

predicates that support each of defendant's § 924(c) convictions—predicates that

remain valid and on which the jury separately convicted defendant—his

application for permission to file a successive § 2255 and likewise his request to

hold his application in abeyance collapses to a narrow argument about his § 924(c)

convictions in counts 15 and 26. Count 15 included a VICAR predicate for assault

with serious bodily injury, and count 26 included two VICAR maiming predicates.

He must establish both that these VICAR predicates do not satisfy § 924(c)(3)(A)

and that any error is not harmless.

As the United States has previously argued, the VICAR assault with serious

bodily injury and VICAR maiming predicates are valid. *Cf. United States v.*

*Bullock*, 970 F.3d 210, 215 (3d Cir. 2020) (collecting authority from six circuits

holding that assault with a deadly or dangerous weapon or assault where bodily

7

injury is inflicted under 18 U.S.C. § 111(b) is crime of violence).  If all of defendant's predicates are valid, he obviously has no ground for relief.

But even if the VICAR predicates were invalid, any error would be harmless, and defendant's justifications for holding his applications in abeyance would fail.  In a 2-1 vote, this Court previously held defendant's application—filed on May 22, 2020—in abeyance for a ruling in *United States v. Taylor*, – F.3d –, 2020 WL 6053317 (4th Cir. Oct. 14, 2020).  But *Taylor* ultimately did not address when a § 924(c) conviction may be upheld where one predicate is no longer valid after *Davis* but another predicate is valid.  Notably, though, after this Court held defendant's application in abeyance for *Taylor*, this Court has correctly rejected a *Davis* challenge to a § 924(c) conviction that had an invalid conspiracy predicate and a valid substantive Hobbs Act predicate.  *See United States v. Johnson*, – F. App'x –, 2020 WL 5629883, at *2 (4th Cir. Sept. 21, 2020).  The defendant there could not show that the plain error that did occur in allowing the jury to consider the conspiracy predicate affected his substantial rights.  *Id.*

This Court and other courts of appeals have applied this same reasoning, and defendant cannot point to any court of appeals that would grant relief in the circumstances here.  *See, e.g., United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is

8

no reason to vacate the § 924(c) conviction."); *United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010) (erroneous "use" instruction in § 924(c) harmless given alternative "possession" instruction, even if "use" and "possession" theories created distinct offenses and even though jury returned general verdict); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) ("The District Court instructed the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime. The jury convicted both defendants on both bank-robbery counts. So we can tell from the verdict form, as well as from the evidence presented at trial, that there is no 'reasonable probability' that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts. Thus, even if the instruction was erroneous, any error was harmless.") (citations omitted). Moreover, the harmlessness standard poses an even greater hurdle to relief on collateral review. *See, e.g., United States v. Smith,* 723 F.3d 510, 512 (4th Cir. 2013).

The above authority follows well-established Supreme Court precedent for analyzing harmlessness when a jury is presented with alternative theories of liability, some of which are defective and some not. *See, e.g., Hedgpeth v. Pulido*, 555 U.S. 57 (2008) (per curiam).

Moreover, the harmlessness of any purported error is a proper basis to deny authorization to file a successive § 2255. "[W]hile the prima facie showing is a

9

*necessary condition* to receive prefiling authorization, the statute does not *limit* this court to considering *only* this necessary condition." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (citing *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)).

Defendant is wrong that the categorical approach somehow precludes applying ordinary harmlessness doctrine. It is of course true that the *classification* of a federal crime as a crime of violence under § 924(c)(3) is a question of law answered by the court using the categorical approach. *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . . Any error in submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled."). But the jury decides the *factual* question of whether a defendant committed a particular predicate offense. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) ("In Hopkins' case, the jury was explicitly instruction on [18 U.S.C.] § 111(b) as the predicate offense, and the evidence was more than sufficient for the jury to find a violation of each and every element."). And the jury decides whether the requisite relationship has been established between the firearm and the predicate offense. *See, e.g., United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (requiring jury to find requisite relationship between gun and predicate offense). These are not questions of law answered by a court under the categorical approach, and as questions of fact, errors in the jury instructions on those questions are subject to

ordinary harmlessness analysis—even assuming that defendant could show that one of his predicate offenses is now invalid.

Defendant now proposes to have his case held in abeyance for another appeal, *United States v. Dickerson*, No. 20-6578, that has not even been briefed yet. In *Dickerson*, the defendant pleaded guilty to a § 924(c) count where the indictment charged both substantive Hobbs Act robbery and conspiracy as a predicate. The defendant admitted to brandishing a firearm in a robbery that he completed, and after *Davis*, the district court denied § 2255 relief but granted a certificate of appealability because, in *Taylor*, this Court had granted a certificate of appealability on whether a § 924(c) conviction is invalid where the indictment charged multiple predicates, one of which is invalid. But after the certificate of appealability was granted in both *Taylor* and *Dickerson*, this Court issued the ruling in *Johnson* that follows the unbroken line of precedent finding that claims like defendants are meritless—even assuming that he could establish that one of the predicates is now invalid. Further delay in adjudicating defendant's application is unwarranted.

III.

Under 28 U.S.C. § 2244(b)(3)(D), "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." This Court has concluded that the 30-day deadline is neither mandatory nor jurisdictional. *See In re Vial*, 115 F.3d 1192, 1194 n.3

11

(4th Cir. 1997) (en banc).  But the 30-day window should not be simply ignored. Although the provision is "hortatory," *In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997), courts properly "make a diligent, good-faith effort to comply with the 30-day time limit," *Rodriguez v. Superintendent, Bay State Correctional Center*, 139 F.3d 270, 273 (1st Cir. 1998), abrogated in part on other grounds, *Bousley v. United States*, 523 U.S. 614 (1998).  Defendant's prior applications raising a constitutional vagueness challenge to his § 924(c) convictions were decided within the 30-day period, and this application, which was filed more than five months ago and also raises a constitutional vagueness challenge, should not be delayed further.

Separately, the government notes that the capital sentences imposed on defendant and his co-defendants in 1993 are the oldest on federal death row.  An injunction that had long barred the implementation of those sentences was recently vacated by a district court in the District of Columbia.  *See In re Fed. BOP Execution Protocol Cases*, No. 19-MC-145 (TSC), 2020 WL 5604298, at *4 (D.D.C. Sept. 20, 2020).  Accordingly, the government may soon schedule dates for the implementation of those sentences.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:      /s/

Richard D. Cooke
Assistant United States Attorney

12

U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

## Certificate of Service and Compliance

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27.  I also certify that on November 9, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

                                                 /s/

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471
richard.cooke@usdoj.gov